UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 _____/ | No. C-08-80009 MISC PJH (EMC)<br><br>**ORDER RE APPLICANT'S MOTION TO RECONSIDER**<br><br>**(Docket No. 10)** |

The Court has received a letter from Applicant, dated March 7, 2008. *See* Docket No. 10. In the letter, Applicant asks that the Court (1) issue an order that Seagate GmbH be served a copy of Applicant's application for judicial assistance and (2) provide the legal grounds for the order. The Court construes Applicant's letter as a motion to reconsider and/or clarify.

In its prior order, dated January 28, 2008, the Court already ordered that Seagate GmbH be served. *See* Docket No. 6 (stating that "all parties in the underlying litigation" should be served). Therefore, the only question for the Court is whether it should reconsider its prior order. Because 28 U.S.C. § 1782 does not specifically require service on the opposing party in the underlying litigation when a party simply makes a request for judicial assistance, the Court grants Applicant's motion to reconsider and shall not require service of the application for judicial assistance on Seagate GmbH. The Court therefore shall set a hearing date and briefing schedule for Applicant's application for judicial assistance. (Applicant has demonstrated that it served a copy of his application on Seagate Technology. *See* Docket No. 9.)

Applicant's application for judicial assistance shall be heard on **April 2, 2008, at 10:30 a.m.** Any opposition to the application shall be filed by March 19, 2008, and any reply by March 26,

1  2008.  Applicant shall be required to serve immediately a copy of this order on Seagate Technology,
2  as the order contains the hearing date and briefing schedule for the request for judicial assistance.
3       As a final matter, the Court notes that, although it is not requiring service of Applicant's
4  application -- or this order -- on Seagate GmbH, this does not mean that service on Seagate GmbH
5  shall not be required in the future, should the Court determine that judicial assistance is proper.
6  Under § 1782(a), an order providing for judicial assistance

> may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  As noted by the Third Circuit, "[t]he reference in § 1782 to the Federal Rules suggests that under ordinary circumstances the standards for discovery under those rules should also apply when discovery is sought under the statute." *In re Application pursuant to 28 U.S.C. 1782 for an Order permitting Bayer AG*, 146 F.3d 188, 195 (3d Cir. 1998).  Under the Federal Rules, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b).  In other words, should this Court grant Applicant's application for judicial assistance, any subpoena issued therefrom will have to comply with Rule 45(b) including service on Seagate GmbH.

IT IS SO ORDERED.

Dated: March 10, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

2