Cynthia L. Jackson  (Bar No. 92340)
Michael N. Westheimer  (Bar No. 178938)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile:  +1 650 856 9299
Email:     cynthia.l.jackson@bakernet.com
           michael.westheimer@bakernet.com

Attorneys for Seagate Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No.  C-08-80009 MISC PJH (EMC)<br><br>**ADMINISTRATIVE MOTION OF SEAGATE TECHNOLOGY LLC FOR INTRA-DISTRICT TRANSFER VENUE TO SAN JOSE DIVISION; OBJECTION TO PURPORTED SERVICE OF MOTION PAPERS**<br><br>[Civil L.R. 3-2, 7-11; Fed. R. Civ. P. 12(b)(3), (4), (5)] |

TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Civil L.R. 3-2 and 7-11, Federal Rule of Civil Procedure 12(b)(3) and the parties' Stipulation filed herewith, Seagate Technology LLC hereby appears in this action and moves for an intra-district transfer of venue to the San Jose Division of this Court.  This motion is brought on grounds that Court's intra-district venue provisions set forth in Civil L.R. 3-2 provide that the proper intra-district venue for this matter is the San Jose Division rather than this Division.  In addition, pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5), Seagate Technology LLC objects to moving party Hans-Dieter Blaser's purported service of the moving papers on "Seagate Technology, Inc.", which is a non-existent entity.  It is unclear what entity Mr. Blaser intended to serve, and to date service has not been effected as required by this Court's orders.

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

Case No C-08-80009 MISC PJH (EMC)
ADMIN. MOTION OF SEAGATE TECHNOLOGY LLC TO TRANSFER VENUE; OBJ. TO IMPROPER SERVICE
PALDMS/362482.1

This administrative motion is based on this motion, the accompanying Memorandum of Points and Authorities, the Stipulation and [Proposed] Order filed herewith, and the pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. Administrative Motion for Intra-District Transfer of Venue

Intra-district venue in this action is governed by Civil L.R. 3-2, which provides in pertinent part as follows:

"Except as provided in Civil L.R. 3-2(c) [not applicable here], all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division." Civil L.R. 3-2(e).

On February 15, 2008, Mr. Blaser (through counsel) filed a Proof of Service in this action purporting to serve "Seagate Technology, Inc., a Municipality" at the following address: 930 Disc Drive, Scotts Valley, California 95066. See Docket #9. While it is not clear what entity Mr. Blaser intended to serve at that location, his Proof of Service shows that the action he intends to pursue in this Court – in which he seeks authorization to subpoena documents in California allegedly in connection with overseas litigation – arises in the county of Santa Cruz.[1] Accordingly, the proper intra-district venue is the San Jose Division. Civil L.R. 3-2(e).

The Court's intra-district venue provisions further provide:

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule … the Judge may order such transfer ….

Civ. L.R. 3-2(f).

The parties have stipulated to and mutually request that the Court transfer this action to the San Jose Division accordingly. See Stipulation and [Proposed] Order filed herewith.

---

[1] Seagate Technology LLC requests that the Court take judicial notice that the city of Scotts Valley is located within the County of Santa Cruz. Judicial notice is appropriate pursuant to Federal Rule of Evidence 201 because this fact is not subject to reasonable dispute; it is generally known within the territorial jurisdiction of the Court and/or is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Baker & McKenzie LLP
Palo Alto

2

Case No C-08-80009 MISC PJH (EMC)
ADMIN. MOTION OF SEAGATE TECHNOLOGY LLC TO TRANSFER VENUE; OBJ. TO IMPROPER SERVICE
PALDMS/362482.1

1  For each of these reasons, Seagate Technology LLC respectfully requests that the Court grant its motion and transfer this action to the San Jose Division.

B. <u>Objection to Purported Service of Motion Papers</u>

On January 28, 2008, the Court issued an Order re Supplemental Briefing which directed Mr. Blaser to serve a copy of his moving papers "on all parties to the underlying litigation." See Docket #6. On February 15, 2008, Mr. Blaser filed a Proof of Service with the Court asserting that the his moving papers purportedly had been served on "Seagate Technology, Inc., a Municipality". See Docket #9. On March 10, 2008, the Court issued an Order on Applicant's Motion to Reconsider, ruling that Mr. Blaser had demonstrated he served a copy of his application on "Seagate Technology" and that service on Seagate GmbH (the party to the underlying litigation according to Mr. Blaser's moving papers), was not required. See Docket #11.[2]

Pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5), Seagate Technology LLC objects that the purportedly served "Seagate Technology, Inc." is a non-existent entity. It is not clear what entity Mr. Blaser intended to serve, but service has not yet been effected as the Court's orders require.[3]

Dated:  March 12, 2008                                  BAKER & McKENZIE LLP


                                                                          By:/s/ Michael N. Westheimer
                                                                             Cynthia L. Jackson
                                                                             Michael N. Westheimer
                                                                             Attorneys for Seagate Technology LLC

---

[2] The events leading up to the Court's reconsideration order are as follows: Mr. Blaser filed a letter to the Court on Friday, March 7, 2008, asserting that the Court had informed him that he had to serve his moving papers on Seagate GmbH, and requested that the Court issue its request in the form of an order (despite the fact that the Court had specifically ordered him to that so in its Order issued on January 28, 2008). See Docket #10. The next court day, Monday, March 10, 2008, the Court issued its reconsideration order construing the March 7 letter as a motion to reconsider and/or clarify, and ruling that service on Seagate GmbH was not required. Although the March 7 letter states that a "cc" was sent to "Seagate Technology" (method of sending not specified), no such letter had been received by any Seagate entity.

[3] This objection is asserted to preserve the defense that the required service has not been effected; i.e., there has been no waiver of that defense by virtue of the filing of this administrative motion.

Baker & McKenzie LLP
Palo Alto

3

Case No C-08-80009 MISC PJH (EMC)
ADMIN. MOTION OF SEAGATE TECHNOLOGY LLC TO TRANSFER VENUE; OBJ. TO IMPROPER SERVICE
PALDMS/362482.1