1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   PAUL L. WARNER (Bar No. 54757)
2  Two Embarcadero Center, Fifth Floor
   San Francisco, California  94111-3824
3  Telephone:   (415) 398-8080
   Facsimile:   (415) 398-5584
4

5  PRYOR CASHMAN LLP
   JAMIE M. BRICKELL
6  JUERGEN R. OSTERTAG
   410 Park Avenue
7  New York, New York 10022
   Telephone:   (212) 421-4100
8  Facsimile:   (212) 326-0806

9  Attorneys for Applicant Hans-Dieter Blaser

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13 | CASE NO. 5:08-mc-80009-JW  HRL

14 **IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**

**APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**

Date:        June 24, 2008
Time:        10:00 a.m.
Courtroom: 2, 5th Floor
Judge:       Magistrate Judge Howard R. Lloyd

19     Applicant, Hans-Dieter Blaser ("Applicant" or "Blaser") respectfully submits to the Court:

20     1.   This Application that a subpoena issue to produce documents from a third party. Ordinarily, any member of the bar of this Court can issue and sign a subpoena without any court order. However, because this Application requests judicial assistance based on a pending foreign action, 28 U.S.C. 1782 requires an Application to this Court. In *In Re Letters Rogatory From The Tokyo District, Tokyo*, 539 F.2d 1216, 1217 (9th Cir. 1976), the Ninth Circuit Court of Appeals affirmed a Central District Of California order under 28 U.S.C. § 1782 which had been granted *ex parte*. Of course, once the subpoenas have been served, any affected party has the ability to move to quash the subpoena before producing the documents requested, as was done in the *Tokyo* case. *See also Asking for Help: Judicial Assistance in Foreign Discovery under 28 U.S.C. § 1782,*

20 Texas Transnational Law Quarterly 6, 10 (December, 2006), http://www.ilstexas.org/ttlq/2006_December.pdf (containing a survey of District Court and Court of Appeals decisions and concluding that "Most district courts permit an *ex parte* request, and citing the *Tokyo* case as controlling in the Ninth Circuit). *See* Compendium Of Case Authority, Exhibit 4, for a copy of the article.

2.  An action entitled "Hans-Dieter Blaser vs. Seagate GmbH" was commenced and is presently pending in the Labor Court Munich, Germany (Open Case Number: 31 Ca 9078/07) (the "German Action").

3.  The German Action is a challenge to the legality of the termination of Blaser's employment at Seagate GmbH in Munich.

4.  Blaser was employed by Seagate Technology GmbH ("Seagate Germany") for approximately twenty years prior to his unlawful termination, and his employment agreement with Seagate Germany is subject to German law.

5.  Blaser possesses an interest in the German Action because he is the plaintiff in that action.

6.  Upon information and belief, Seagate Technology ("Seagate") is the ultimate parent company to a group consisting of fifty-six (56) separate companies, including its German subsidiary, Seagate Germany. Seagate is a Cayman Island Company that is listed on the New York Stock Exchange, and has its principal U.S. executive offices located at 920 Disc Drive, Scotts Valley, CA 95066, within the jurisdiction of this Court.

7.  Upon information and belief, a similar action for wrongful termination between Mr. Alastair Stewert and the Seagate's UK subsidiary, Seagate UK, was recently mediated (the "UK Mediation"). The UK Mediation concluded with a settlement agreement on December 14, 2007.

8.  Upon information and belief, during the UK Mediation, Mr. Stewert was shown a redacted version of a report voluntarily filed by Seagate with a United States governmental agency reporting violations of boycott regulations relating to the Republic of Iran (hereinafter, the "Seagate Report"). Upon information and belief, the Seagate Report made references to Blaser as

1  well as three other former Seagate employees.

2          9.      Based upon the response filed by Seagate in the German Action, Blaser's

3  termination was premised upon alleged violations of the regulations concerning the embargo with

4  Iran, for which Blaser was allegedly responsible. Upon information and belief, such violations were

5  described in the Seagate Report, which also set forth the termination of Blaser and the other

6  employees as a sign of good will in order to obtain a favorable outcome of review for Seagate by

7  the United States government.

8          10.      The Seagate Report was never made known to Blaser in any way prior to the

9  UK Mediation. In fact, as of today, Blaser has never been granted access to the Seagate Report, nor

10  was he advised of any allegations set forth therein with respect to his actions pertaining to a

11  violation of any boycott regulations.

12          11.      Nonetheless, having heard about the existence of the Seagate Report, on

13  August 1, 2007, Blaser requested **through its German counsel** information about the Seagate

14  Report and a copy of the Seagate Report from the German counsel to Seagate Germany. After not

15  receiving any response, on August 16, 2007, Blaser made **through its German counsel** an

16  additional request for this information to William Hudson, the Executive Vice President, General

17  Counsel and Corporate Secretary of Seagate. Neither request was answered.

18          12.      Seagate is known to be in possession, custody or control of documents that

19  are relevant to the German Action, including the Seagate Report, described as follows:

20          1.      Any and all reports prepared by or on behalf of Seagate pertaining to any and

21  all alleged violations of Iran boycott regulations that in any way mention, reference or

22  implicate Hans-Dieter Blaser.

23          2.      Any and all documents that were relied upon by Seagate or any of its agents

24  in the preparation of any of the above-referenced documents; and

25          3.      Any and all communications or filings with the United States government

26  concerning the above-referenced documents and matter or otherwise concerning Hans-

27  Dieter Blaser.

28          13.      It is necessary for Blaser to obtain discovery of such documents for use in the

PRINTED ON
RECYCLED PAPER

728253v1        - 3 -     APPLICATION FOR JUDICIAL ASSISTANCE
                                                                     CASE NO. CV 08-80009 MISC

1  German Action to prove that the allegations contained therein are inaccurate and false in that Blaser
2  was not involved in any illegal activity, and therefore his termination by Seagate Germany was
3  without cause.

4      14.     Under German law, cause is required in order for a company to terminate an
5  employee without notice.

6      15.     German rules of procedure do not provide for discovery proceedings to allow
7  Blaser to discover such documents in Germany.

8      16.     Accordingly, an order of this Court appointing Paul L. Warner as
9  Commissioner of the Court with the power to issue subpoenas and/or other appropriate process
10  requiring Seagate to produce certain specified documents is necessary because Seagate is not a
11  party to the German Action and thus discovery may not be had under the laws of Germany.

12  WHEREFORE, applicant prays for an Order of this Court appointing Paul L. Warner as
13  Commissioner of the Court with the power to issue subpoenas and/or other appropriate process
14  requiring Seagate to produce certain specified documents for use in the action entitled "Hans-Dieter
15  Blaser vs. Seagate GmbH" now pending in the Labor Court Munich, Germany, and for such further
16  relief as the Court may deem just and proper.

17  DATED: May 14, 2008           JEFFER, MANGELS, BUTLER & MARMARO LLP
                                                              PAUL L. WARNER

20  By: /s/ Paul L. Warner
    PAUL L. WARNER (Bar No. 54757)
    Attorneys for Applicant HANS-DIETER BLASER