1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   PAUL L. WARNER (Bar No. 54757)
2  Two Embarcadero Center, Fifth Floor
   San Francisco, California  94111-3824
3  Telephone:    (415) 398-8080
   Facsimile:    (415) 398-5584
4
5  PRYOR CASHMAN LLP
   JAMIE M. BRICKELL
6  JUERGEN R. OSTERTAG
   410 Park Avenue
7  New York, New York 10022
   Telephone:    (212) 421-4100
   Facsimile:    (212) 326-0806
8
9  Attorneys for Applicant Hans-Dieter Blaser

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13                                     CASE NO.    5:08-mc-80009-JW

14  IN RE APPLICATION OF HANS-DIETER     MEMORANDUM OF POINTS AND
    BLASER FOR JUDICIAL ASSISTANCE       AUTHORITIES IN SUPPORT OF
15  PURSUANT TO 28 U.S.C. SECTION 1782   APPLICATION OF HANS-DIETER
                                         BLASER FOR JUDICIAL ASSISTANCE
16                                       PURSUANT TO 28 U.S.C. § 1782

17                                       Date:       June 24, 2008
                                         Time:       10:00 a.m.
18                                       Courtroom: 2, 5th Floor
                                         Judge:      Magistrate Judge Howard R. Lloyd
19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER
656384v1                                 MEMO OF P&A IN SUPPORT OF
                                         APPLICATION FOR JUDICIAL ASSISTANCE

**TABLE OF CONTENTS**

Page

I.   PRELIMINARY STATEMENT .................................................................................1

II.  STATEMENT OF FACTS ......................................................................................2

III. ARGUMENT..........................................................................................................3

    A.   BLASER'S APPLICATION FOR DISCOVERY OF THE SEAGATE
    REPORT SATISFIES ALL STATUTORY REQUIREMENTS FOR
    JUDICIAL AID PURSUANT TO 28 U.S.C. § 1782 ...............................................4

        1.   Seagate Maintains Its Principal Executive Offices in Scotts Valley,
        California And Thus Can Be Found Within The District And
        Jurisdiction of This Court ....................................................................4

        2.   Blaser Seeks the Seagate Report Specifically for Use in the German
        Action Before the Labor Court Munich, Germany................................5

        3.   Blaser Is An "Interested Person" For Purposes of 28 U.S.C. § 1782
        Because He Is A Party To The German Action.....................................6

    B.   THIS COURT SHOULD EXERCISE ITS DISCRETION PURSUANT TO
    28 U.S.C. § 1782 TO ALLOW BLASER TO SUBPOENA THE SEAGATE
    REPORT FOR USE IN THE GERMAN ACTION .................................................7

        1.   The Fact That Seagate Is Not A Participant In The German Action
        Weighs In Favor of Discovery...............................................................8

        2.   The German Court Has Not Expressed Any Opposition To This
        Application, and Has Indicated That It Will Receive Evidence of The
        Seagate Report ....................................................................................8

        3.   While German Procedures Does Not Provide For Discovery, The
        Potentially Dispositive Nature of the Documents at Issue Weighs in
        Favor of Allowing Discovery of the Seagate Report.............................9

        4.   The Discovery Sought Is Narrowly Tailored To The Documents
        Associated Only With The Seagate Report And Would Not Impose
        Any Burden On Seagate .....................................................................10

IV.  CONCLUSION......................................................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON
RECYCLED PAPER

656384v1

- i -

MEMO OF P&A IN SUPPORT OF
APPLICATION FOR JUDICIAL ASSISTANCE

JMBM Jeffer Mangels Butler & Marmaro LLP

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
    292 F.3d 664 (9th Cir. 2002) ................................................................................6, 7

*In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf,*
    2006 WL 384464  2006 U.S. Dist. LEXIS 94161 .....................................................4, 5, 11

*In re Application of Grupo Qumma, S.A. de C.V.*,
    2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) ....................................................................9

*In re Application of Microsoft Corp.*,
    428 F. Supp. 2d 188 (2006) (S.D.N.Y. 2006).................................................................9

*In re Letters Rogatory from the Tokyo District, Tokyo*,
    539 F.2d 1216 (9th Cir. 1976) ..........................................................................5

*In re Merck & Co., Inc.*,
    197 F.R.D. 267 (M.D.N.C., 2000) ..........................................................................6

*In re Request For Judicial Assistance From the Seoul District Criminal Court*,
    428 F. Supp. 109 (N.D. Cal. 1977).................................................................5, 10, 11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241, 124 S. Ct. 2466 (2004)...............................................................*passim*

*Metallgesellschaft AG v. Hodapp*,
    121 F.3d 77 (2d Cir. 1997) .........................................................................6, 7

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
    376 F.3d 79 (2d Cir. 2004) ..........................................................................8

**CODES AND STATUTES**

28 U.S.C.
    § 1782 ..................................................................................................*passim*

**RULES AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 26(a)(2).............................................................................................11
    Rule 26(a)(4).............................................................................................11

Jeffer Mangels
Butler & Marmaro LLP

JMBM

PRINTED ON

RECYCLED PAPER

656384v1

**- ii -**    MEMO OF P&A IN SUPPORT OF
APPLICATION FOR JUDICIAL ASSISTANCE

## I.   PRELIMINARY STATEMENT

This matter involves the application of Hans-Dieter Blaser (hereinafter, "Applicant" or "Blaser"), a German citizen, for judicial assistance pursuant to 28 U.S.C. § 1782 in the discovery of certain documents from Seagate Technology ("Seagate") that are relevant to Blaser's ongoing and pending litigation against a Seagate subsidiary, Seagate Technology GmbH in Germany ("Seagate Germany").  The action pending in Germany is entitled "Hans-Dieter Blaser vs. Seagate GmbH" and is presently before the Labor Court Munich, Germany (Open Case Number: 31 Ca 9078/07) (hereinafter the "German Action").

Blaser commenced the action in Germany to challenge the legality of the termination of his employment at Seagate Germany.  Specifically, Blaser's action is based upon a challenge that his termination was without notice and without cause, as is required by German law.  In the German Action, Seagate Germany is claiming that there was cause for the termination, alleging that such cause was based upon alleged violations of the regulations concerning the Iran boycott.

Blaser maintains that any allegations concerning violations of the Iran boycott and himself personally are patently false, and thus there was no cause for his termination.  Only upon the settlement of a related lawsuit, Blaser learned that Seagate had filed with the United States government a report outlining activities by Seagate's dealers that might have been a violation of the boycott rules, which report referred to Blaser as well as several other employees as possibly being responsible for such violation (hereinafter, the "Seagate Report").   Furthermore, such report had set forth the termination of Blaser and the other employees as a sign of good will to avoid a prosecution of Seagate by the United States government.  However, Blaser has not been granted access to any of the relevant reports prepared and filed by Seagate.  Further, the German court is without jurisdiction over Seagate, and under German law, there are no discovery rights between the parties in litigation.  Thus, Blaser requires judicial assistance to obtain the Seagate Report and related documents concerning the alleged violations and the "goodwill" offered of Seagate which supposedly included his termination, in order to refute Seagate's justification for Blaser's termination and its defense asserted in the German Action.

///

1    Accordingly, Blaser respectfully requests that this Court provide judicial assistance

2    pursuant to 28 U.S.C. § 1782(a) by granting Blaser's application for discovery from Seagate of the

3    Seagate Report and any documents concerning or related to any of the allegations concerning Blaser

4    contained therein.

5    **II.     STATEMENT OF FACTS**

6    For approximately 20 years prior to July, 2007, Hans-Dieter Blaser was employed by

7    Seagate Germany as the Executive Director EMEA General Sales and Marketing in Germany.  The

8    employment agreement by and between Seagate Germany and Blaser is governed by the laws of

9    Germany.  Under German law, cause is required in order for a company to terminate an employee

10    without notice.  Declaration of Lutz Schorler, ¶¶6-8 and 19 ("Schorler Decl.")

11    Seagate Technology ("Seagate") is a Cayman Island Company that is listed on the

12    New York Stock Exchange, and has its principal U.S. executive offices located at 920 Disc Drive,

13    Scotts Valley, CA 95066, within the jurisdiction of this Court.  Upon information and belief,

14    Seagate is the parent company to a group of fifty-six (56) separate companies, including its German

15    subsidiary, Seagate Germany.  *Id.* at ¶5.

16    In or about July 2007, Blaser was terminated by Seagate Germany without notice.

17    At or about the same time, Mr. Alastair Stewert, Ms. Gulfen Cakmakci, and Ms. Ziad Abourahal

18    (collectively, with Blaser, the "Employees") all then employees of other Seagate subsidiaries, were

19    also terminated without notice.  *Id.* at ¶7.  Blaser has filed an action with the Labor Court in

20    Munich, Germany to recover damages for wrongful termination of employment by Seagate

21    Germany.  *Id.* at ¶2.

22    Upon information and belief, and based upon the response filed by Seagate Germany

23    to the Complaint filed in the German Action, the Employees were terminated due to allegations of

24    potential violations of embargo regulations with respect to Iran.  *Id.* at ¶9.  Upon information and

25    belief, a report was filed voluntarily by Seagate with an official governmental entity in the United

26    States regarding said potential violations of embargo regulations with Iran, which made specific

27    reference to the four former Employees (hereinafter, the "Seagate Report").  *Id.* at ¶¶11 & 13.  Upon

28    information and belief, the Seagate Report was filed in order to garner favor with the United States

JMBM | Jeffer Mangels
     | Butler & Marmaro LLP

1    government, as was the subsequent firing of the Employees. *Id.* at ¶12.

2        The Seagate Report was never made known or available to any of the Employees,

3    despite the fact that the allegations contained within such report allegedly supported their

4    terminations, and despite their requests for the Seagate Report. *Id.* at ¶14. Indeed, as of today,

5    Blaser has never been granted access to a copy of the Seagate Report. Likewise, Blaser has never

6    been advised by Seagate Germany of any allegations pertaining to alleged violations of any boycott

7    regulations on his part. *Id.* at ¶15.

8        Seagate has a copy of the Seagate Report in its possession and has refused to produce

9    the Report voluntarily. *Id.* at ¶¶ 13 & 16. There is no procedure under German law to obtain pre-

10    trial discovery of the Seagate Report. *Id.* at ¶21.

11    **III.    ARGUMENT**

12        Blaser's instant application seeks judicial assistance pursuant to 28 U.S.C. § 1782 for

13    the discovery of documents not only relevant to, but quite possibly dispositive of, his claims before

14    the Labor Court Munich in Germany. Specifically, Blaser seeks discovery of the above-referenced

15    Seagate Report and any documents related to or comprising the Seagate Report. Blaser requires

16    such discovery to demonstrate that the facts therein are incorrect, and therefore his termination was

17    without cause and thereby unlawful under German law.

18        Federal district courts are granted the discretion to issue a subpoena ordering the

19    production of testimony or documents or other things:

20            [f]or use in a proceeding in a foreign or international tribunal. . . .
             upon the application of any interested person and may direct that the
21            testimony or statement be given, or the document or other thing be
             produced, before a person appointed by the court.

22

23    28 U.S.C. § 1782(a). An application for discovery pursuant to 28 U.S.C. § 1782 thus presents two

24    inquiries: (1) whether the district court is authorized to grant the request; and if so, (2) whether the

25    district court should exercise its discretion to do so. *See Intel Corp. v. Advanced Micro Devices,*

26    *Inc.*, 542 U.S. 241, 124 S. Ct. 2466 (2004) ("*Intel Corp.*"). As to the first inquiry, courts have

27    generally applied a three-part test, generated from the language of Section 1782: (1) whether the

28    person from whom discovery is sought resides or is found in the district; (2) whether the discovery

PRINTED ON

RECYCLED PAPER

656384v1                         **- 3 -**    MEMO OF P&A IN SUPPORT OF
                                              APPLICATION FOR JUDICIAL ASSISTANCE

JMBM | Jeffer Mangels
      Butler & Marmaro LLP

1    is "for use" in a proceeding before a foreign or international tribunal; and (3) whether the

2    application is made by an "interested party." *See* 28 U.S.C. § 1782(a); *In re Application of*

3    *Gemeinshcaftspraxis Dr. Med. Schottdorf,* 2006 WL 384464 (S.D.N.Y. 2006), 2006 U.S. Dist.

4    LEXIS 94161.

5            As further explained below, this Court is authorized to grant the request for judicial

6    assistance in the present case.  Blaser's application satisfies each of the statutory elements necessary

7    to provide this Court with the discretion to order discovery of the Seagate Report.  First, this Court

8    has jurisdiction over Seagate, an entity located within this district.  Second, the discovery sought is

9    expressly intended for use in the German Action; specifically, it will be used to refute the cause

10    defense asserted by Seagate Germany.  Finally, as the plaintiff in the German Action, Blaser is

11    undoubtedly an interested party.  Accordingly, this Court is authorized to grant the request for

12    judicial assistance pursuant to 28 U.S.C. § 1782, and should exercise its discretion to provide Blaser

13    with the requested discovery of the Seagate Report for use in the German Action.

14    **A.    BLASER'S APPLICATION FOR DISCOVERY OF THE SEAGATE REPORT**
       **SATISFIES ALL STATUTORY REQUIREMENTS FOR JUDICIAL AID**
15    **<u>PURSUANT TO 28 U.S.C. § 1782</u>**

16            For an application to be granted pursuant to 28 U.S.C. § 1782, the applicant must

17    demonstrate: (i) that the person from whom discovery is sought resides (or can be found) in the

18    district of the district court to which the application is made; (ii) that the discovery be for use in a

19    proceeding before a foreign tribunal; and (iii) that the application be made by an "interested

20    person."   28 U.S.C. § 1782(a).  *See Intel Corp.*, 542 U.S. at 246; *Gemeinshcaftspraxis*, *supra, 2006*

21    WL 384464 at * 4.  Blaser has unequivocally met these requirements, and thus this Court is

22    authorized to grant the discovery requests sought in this Application.

23                **1.    Seagate Maintains Its Principal Executive Offices in Scotts Valley,**
                   **California And Thus Can Be Found Within The District And**
24                **Jurisdiction of This Court**

25            The first statutory element requires that the person from whom discovery is sought

26    resides or can be found in the district of the district court to which the application is made.  *See* 28

27    U.S.C. § 1782(a); *Gemeinshcaftspraxis*, *supra,* 2006 WL 384464 at * 4.  Accordingly, where

28    discovery is sought from an entity that can be found in the district of the court where the application

PRINTED ON

RECYCLED PAPER

656384v1

MEMO OF P&A IN SUPPORT OF
APPLICATION FOR JUDICIAL ASSISTANCE

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    is made, this first element has been satisfied.  *See id.*

2    There can be no doubt that Seagate is an entity residing in and found within the

3    Northern District of California.  According to the annual report Form 10K filed by Seagate with the

4    Securities and Exchange Commission on August 27, 2007, Seagate is a Cayman Island Company

5    that is listed on the New York Stock Exchange.  That same Form 10K further identifies Seagate's

6    principal U.S. executive offices as being located at 920 Disc Drive, Scotts Valley, CA 95066, which

7    is within this Court's district and jurisdiction. Schorler Decl. ¶5.  Accordingly, all available

8    information – including the Form 10K filed by Seagate – indicates that Seagate resides in the

9    Northern District of California.  Thus, Seagate may unequivocally be found in the district of this

10   Court.

11            **2.      Blaser Seeks the Seagate Report Specifically for Use in the German
                        Action Before the Labor Court Munich, Germany**

12

13   The fact that Blaser seeks the Seagate Report in order to rebut its opposing party's

14   alleged defense in the pending and active German Action before the Labor Court Munich

15   undeniably satisfies the second statutory element that the discovery be sought "for use in a

16   proceeding before a foreign tribunal." *Gemeinshcaftspraxis*, *supra*, 2006 WL 384464 at * 4.  First,

17   the pending German Action constitutes a "proceeding before a foreign tribunal." *See Intel Corp.*

18   542 U.S. at 246, 248-50.

19   Second, Blaser seeks the Seagate Report "for use" in the German Action in order to

20   support its challenge to the purported cause for his employment termination.  Although Blaser

21   reasonably anticipates that the Seagate Report will be received as evidence in the German Action,

22   the United States Supreme Court has clarified, and the Ninth Circuit has recognized, that Blaser

23   need not establish that as part of this Application. *See Intel Corp.*, 542 U.S. at 261-62. *In re Letters*

24   *Rogatory from the Tokyo District, Tokyo*, 539 F.2d 1216, 1219 (9th Cir. 1976) (explaining that

25   requests for assistance pursuant to § 1782(a) may be honored so long as that assistance is not

26   "unrelated" to "judicial or quasi-judicial controversies."); *In re Request For Judicial Assistance*

27   *From the Seoul District Criminal Court*, 428 F. Supp. 109, 113 (N.D. Cal. 1977) ("The fact that this

28   information may not be usable in the court which issued the underlying warrant is not dispositive

JMBM | Jeffer Mangels Butler & Marmaro LLP

1  under United States law.  There is no such requirement in section 1782."). Rather, it is sufficient

2  that Blaser intends to utilize or offer the Seagate Report as part of the foreign proceeding, whether

3  or not it is directly received into evidence by that tribunal. *Id.*

4  Although some courts once also imposed a statutory requirement that the discovery

5  sought be discoverable under the rules of the foreign tribunal, the Supreme Court's decision in *Intel*

6  *Corp.* clarified that § 1782(a) imposes no such foreign discoverability requirement.  542 U.S. at

7  260-63.  In fact, courts have recognized that "through § 1782 Congress has seen fit to authorize

8  discovery which, in some cases, would not be available in foreign jurisdictions." *Advanced Micro*

9  *Devices, Inc. v. Intel Corp.*, 292 F.3d 664,  668-69 (9th Cir. 2002) (rejecting any requirement of

10  discoverability in the foreign tribunal); *Metallgesellschaft AG v. Hodapp*, 121 F.3d 77, 80 (2d Cir.

11  1997).

12  Here, the documents sought involve Seagate's voluntary filings with the United

13  States government.  Such documents are particularly relevant to the German Action because they

14  purportedly set forth the allegations of violations of the Iran embargo regulations by employees of

15  Seagate, upon which Seagate Germany has relied as cause for terminating Blaser's employment.

16  (*See* Schorler Decl. ¶¶9, 11, 12 and 13.)  Accordingly, Blaser's only purpose in seeking the Seagate

17  Report is "for use" in the foreign German Action, to refute the alleged "cause" defense.

18       **3.     Blaser Is An "Interested Person" For Purposes of 28 U.S.C. § 1782
                    Because He Is A Party To The German Action**

19

20  It is well settled that an "interested person," as used in 28 U.S.C. § 1782, includes a

21  party to the foreign litigation. *Intel Corp.*, 542 U.S. at 256 (stating that there is "[n]o doubt litigants

22  are included among, and may be the most common example of, the 'interested person[s]' who may

23  invoke § 1782"). *See, e.g., In re Merck & Co., Inc.*, 197 F.R.D. 267 (M.D.N.C., 2000) (holding that

24  an "interested person" within the meaning of the statute includes a party to the foreign litigation,

25  whether directly or indirectly involved).   As the plaintiff in the German Action, Blaser is decidedly

26  an "interested person" with respect to that litigation, as contemplated by 28 U.S.C. § 1782. *Intel*

27  *Corp.*, 542 U.S. at 256.

28  ///

**- 6 -**     MEMO OF P&A IN SUPPORT OF
APPLICATION FOR JUDICIAL ASSISTANCE

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    Accordingly, Blaser has satisfied all of the statutory requirements necessary to

2   authorize this Court to grant the requested discovery.  Blaser has unequivocally established his

3   status as an interested party, who is seeking discovery from an entity within this Court's

4   jurisdiction, Seagate, for use in the German Action.  Thus, this Court may, and, as described below,

5   should exercise its discretionary authority pursuant to 28 U.S.C. § 1782 to order Seagate to disclose

6   the Seagate Report to Blaser.

7    **B.    THIS COURT SHOULD EXERCISE ITS DISCRETION PURSUANT TO  28**
        **U.S.C. § 1782 TO ALLOW BLASER TO SUBPOENA THE SEAGATE**
8        **REPORT FOR USE IN THE GERMAN ACTION**

9    Where, as here, the statutory elements of 28 U.S.C. § 1782 are satisfied, this Court

10  has discretion to grant the requested discovery.  *See Intel Corp.*, 524 U.S. at 264-65.  As the Second

11  Circuit has instructed, such discretion should be exercised

12          [i]n light of the twin aims of the statute: "providing efficient means of
            assistance to participants in international litigation in our federal
13          courts and encouraging foreign countries by example to provide
            similar means of assistance to our courts . . .
14

15          *Metallgesellschaf, supra,* AG, 121 F.3d at 79.

16   As further guidance to the exercise of such discretion, the Supreme Court, in *Intel*

17  *Corp.*, outlined four factors for district courts to consider, all of which clearly weigh in favor of

18  discovery here: (1) whether the person from whom discovery is sought is a participant in the foreign

19  proceeding; (2) the nature of the foreign proceeding and the receptivity of the foreign government

20  or court to U.S. court assistance; (3) whether the 28 U.S.C. § 1782(a) application conceals an effort

21  to circumvent foreign proof-gathering restrictions; and (4) whether the application would impose an

22  undue burden on the target.  *Intel Corp.*, 524 U.S. at 264-66.  Here, the "twin aims" of Section

23  1782(a) would certainly be served by allowing the sought discovery of Seagate, particularly where

24  the defense asserted in the German Action is inextricably tied to the very documents at issue in this

25  application, which cannot be obtained through discovery in Germany.

26  ///

27  ///

28  ///

PRINTED ON

RECYCLED PAPER

656384v1                                **- 7 -**    MEMO OF P&A IN SUPPORT OF
                                                     APPLICATION FOR JUDICIAL ASSISTANCE

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

1   **1.    The Fact That Seagate Is Not A Participant In The German Action**
    **Weighs In Favor of Discovery**

2

3        The first factor to consider is whether the person from whom discovery is sought is a

4   participant in the foreign proceeding. *Intel Corp.*, 524 U.S. at 264.  According to the Supreme

5   Court, "when the person from whom discovery is sought is a participant in the foreign proceeding,

6   the need for § 1782(a) aid generally is not as apparent as it ordinarily is when  evidence is sought

7   from a nonparticipant in the matter arising abroad." *Id.*   This is based upon the reasoning that while

8   a foreign tribunal has jurisdiction over those appearing before it and can therefore itself order the

9   production of the evidence,

10          [i]n contrast, nonparticipants in the foreign proceeding may be outside
            the foreign tribunal's jurisdictional reach; hence, their evidence,
11          available in the United States, may be unobtainable absent § 1782(a)
            aid.

12

13          *Id.*  In the instant case, Seagate is not a party or participant in the German Action and

14   is outside of the jurisdictional reach of the German tribunal.  In fact, Seagate is an entirely different

15   and distinct legal entity from Seagate Germany, and thus is clearly not a party to the German

16   Action.  Thus, as the Supreme Court aptly anticipated, Seagate's evidence, while available in the

17   United States, is unobtainable in the German Action, absent § 1782(a) aid.  German procedural law

18   does not provide for discovery proceedings under which Blaser could procure discovery from

19   Seagate.  Accordingly, this factor weighs in favor of discovery for Blaser from Seagate, a non-

20   participant in the German Action.

21   **2.    The German Court Has Not Expressed Any Opposition To This**
     **Application, and Has Indicated That It Will Receive Evidence of The**
22   **Seagate Report**

23          The second factor identified by the Supreme Court is based upon a desire not to

24   offend foreign jurisdictions by allowing discovery that may infringe upon their sovereignty. *Intel*

25   *Corp.*, 524 U.S. at 262, 264.  Courts have interpreted this factor generally to find that rejection of

26   discovery pursuant to § 1782(a) in order to not offend a foreign jurisdiction is warranted only where

27   the foreign jurisdiction has specifically articulated its opposition to such discovery or evidence.

28   *See, e.g. Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004)

PRINTED ON

RECYCLED PAPER

656384v1                                    **- 8 -**    MEMO OF P&A IN SUPPORT OF
                                                         APPLICATION FOR JUDICIAL ASSISTANCE

JMBM │ Jeffer Mangels
        Butler & Marmaro LLP

1    (upholding denial of discovery in aid of a German securities fraud litigation because the German

2    Ministry of Justice and Bonn Prosecutor submitted papers opposing such discovery on the grounds

3    that it "would jeopardize the ongoing German criminal investigation"); *In re Application of*

4    *Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (2006) (S.D.N.Y. 2006) (rejecting discovery application

5    where the foreign tribunal submitted papers expressly opposing the discovery sought and stating

6    that it would not be receptive to U.S. judicial assistance).  In the absence of such express opposition

7    by the foreign tribunal at issue, however, an application for discovery pursuant to § 1782(a) should

8    be granted.  See *In re Application of Grupo Qumma, S.A. de C.V.*, 2005 WL 937486, at *3

9    (S.D.N.Y. Apr. 22, 2005) (weighing the second Intel Corp. factor in favor of discovery where the

10   foreign court's receptiveness of the discovery at issue was in dispute so that such matter could be

11   resolved by the foreign court upon submission of the evidence at issue).

12              In the present case, the German tribunal has not expressed any opposition to this

13   Application.  Further, the discovery sought in this Application does not infringe upon German

14   sovereignty.  Although the discovery sought herein is otherwise unattainable under German law due

15   to the lack of discovery proceedings, that does not by any means suggest that the German court

16   would be in any way unreceptive to such relevant evidence as the Seagate Report.  See Schorler

17   Decl. at 21.  In any event, where the German tribunal at issue does not actively oppose this Court's

18   rendering of assistance in aid of the German Action pursuant to Section 1782(a), which it has not,

19   this factor weighs in favor of discovery for Blaser.

20              **3.    While German Procedures Does Not Provide For Discovery, The**
                **Potentially Dispositive Nature of the Documents at Issue Weighs in**
21              **Favor of Allowing Discovery of the Seagate Report**

22              The third factor identified in Intel Corp. involves determining whether the

23   application is intended to circumvent foreign procedural restrictions against the discovery at issue.

24   As previously discussed, Blaser has not had discovery of the Seagate Report solely because German

25   rules of  procedures do not provide for discovery proceedings.  *See,* Schorler Decl., ¶21.  Thus,

26   although Blaser could not obtain the discovery at issue in Germany, that was not because of any

27   determination regarding its relevance or importance.   In fact, Seagate Germany's implicit reliance

28   upon the Seagate Report as a primary basis for their defense in the German Action is precisely the

PRINTED ON

RECYCLED PAPER

656384v1                                                **- 9 -**      MEMO OF P&A IN SUPPORT OF
                                                                       APPLICATION FOR JUDICIAL ASSISTANCE

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    reason for Blaser's instant application – in order to obtain the primary Seagate documents necessary

2    to refute Seagate Germany's representations and allegations.

3         In this context, Blaser's procedural inability to obtain the discovery at issue in

4    Germany should not weigh against his instant application for discovery pursuant to Section 1782(a).

5    The concept of such "foreign discoverability" has been expressly rejected by the Supreme Court,

6    which explained that:

7         A foreign nation may limit discovery within its domain for reasons
          peculiar to its own legal practices, culture, or traditions; such reasons

8         do not necessarily signal objection to aid from United States federal
          courts.  A foreign tribunal's reluctance to order production of

9         [***365]  materials present in the United States similarly may signal
          no resistance to the receipt of evidence gathered pursuant to §

10        *1782(a).*

11        *Intel Corp*., 542 U.S. at 261-62.  The Supreme Court importantly noted that even if

12    the foreign tribunal disfavored the discovery, it "can place conditions on its acceptance of the

13    information to maintain whatever measure of parity it concludes is appropriate." *Id*. at 262.

14        Where, as here, the other discretionary factors at issue weigh heavily in favor of

15    granting discovery, this Court should recognize that foreign discoverability should carry little if any

16    weight, particularly where, as is the case here, such foreign procedure is not based upon the

17    relevance of the documents at issue.  Moreover, given that the factors all weigh in favor of granting

18    discovery, failing to so provide judicial aid would essentially bar discovery solely on the basis of

19    foreign discoverability, which has been expressly rejected by the Supreme Court. *Intel Corp*., 542

20    U.S. at 260-61.  Thus, recognizing the importance of the discovery at issue to the merits of the

21    underlying German Action, this Court should grant Blaser the aid for such discovery as requested

22    within this Application.

23        **4.    The Discovery Sought Is Narrowly Tailored To The Documents
                Associated Only With The Seagate Report And Would Not Impose Any**

24        **Burden On Seagate**

25        The final factor identified by the Supreme Court is whether the discovery sought is

26    overly broad so that it would impose an undue burden on the producing entity.  *Intel Corp*., 542

27    U.S. at 265.  Courts may be guided in this inquiry by the Federal Rules of Civil Procedure, which

28    govern requests for judicial assistance under § 1782.  See *In re Request For Judicial Assistance*

1   *From the Seoul District Criminal Court*, 428 F. Supp. 109, 113 (N.D. Cal. 1977) (finding that the

2   Federal Rules of Civil Procedure govern requests for judicial assistance under Section 1782).

3       Here, this inquiry weighs decidedly in favor of granting the discovery at issue in the

4   instant Application.  Rather than issuing a series of broad requests concerning multiple issues of

5   tangential relevance, Blaser's application seeks only the Seagate Report and any documents related

6   to the information contained therein, which was voluntarily prepared and filed by Seagate with the

7   United States government.  These requests will not impose a burden on Seagate, which is a large

8   and sophisticated company that is the parent entity to fifty-six (56) subsidiaries worldwide.

9   Moreover, the information that this Application seeks is already in existence and requires little, if

10  any, effort on the part of Seagate in compiling and procuring such information for production.

11  Further, § 1782 requires only that the party from whom discovery is sought – and not the documents

12  themselves – be found in the district.  *Gemeinshcaftspraxis*, *supra,* 2006 WL 384464.

13      In addition, all of the discovery sought herein is directly relevant to refuting Seagate

14  Germany's defense in the German Action that Blaser's termination was for cause.  Thus, the limited

15  category of documents sought herein from Seagate would likely be discoverable pursuant to the

16  Federal Rules of Civil Procedure 26(a)(2) and/or 26(b)(4) and thus should be discoverable pursuant

17  to § 1782.  *In re Request For Judicial Assistance From the Seoul District Criminal Court*, *supra,*

18  428 F. Supp. at 113.  Blaser's requests are therefore presumptively reasonable and, under the

19  circumstances, could not possibly overburden Seagate in the production of the requested materials.

20      Accordingly, Blaser respectfully requests this Court to exercise its discretion

21  pursuant to 28 U.S.C. § 1782(a) to grant Blaser's instant application for judicial assistance.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PRINTED ON
RECYCLED PAPER

656384v1

**- 11 -**        MEMO OF P&A IN SUPPORT OF
APPLICATION FOR JUDICIAL ASSISTANCE

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1    **IV.     CONCLUSION**

2            For the foregoing reasons, Blaser's Application for Judicial Assistance pursuant to

3    28 U.S.C. § 1782 for discovery from Seagate of the Seagate Report  and related documents should

4    be granted in its entirety.

5

6    DATED:  May 14, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP

7

8                                            By: /s/ Paul L. Warner

9                                                    PAUL L. WARNER
                                            Attorneys for Applicant Hans-Dieter Blaser

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

656384v1                              **- 12 -**     MEMO OF P&A IN SUPPORT OF
                                               APPLICATION FOR JUDICIAL ASSISTANCE