Cynthia L. Jackson (Bar No. 92340)
Michael N. Westheimer (Bar No. 178938)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299
Email:     cynthia.l.jackson@bakernet.com
           michael.westheimer@bakernet.com

Attorneys for Seagate Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No. 5:08-mc-80009-JW (HRL)<br><br>**DECLARATION OF MARK ZIMMER IN SUPPORT OF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO HANS-DIETER BLASER'S MOTION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Hearing Date:  July 1, 2008<br>Time:          10:00 a.m.<br>Courtroom:     2<br>Judge:         Hon. Howard R. Lloyd |

I, MARK ZIMMER, declare:

1.  I am an attorney in the Federal Republic of Germany, and a partner in the Munich office of Gibson, Dunn & Crutcher LLP. I am counsel of record for Seagate Technology GmbH ("Seagate GmbH") in a pending action in Germany that Hans-Dieter Blaser filed in Labor Court Munich entitled *Hans-Dieter Blaser v. Seagate GmbH*, Case No. 31 Ca 9078/07. I submit this declaration in opposition to Mr. Blaser's pending motion in the U.S. District Court for judicial assistance, in which Mr. Blaser purportedly seeks discovery in relation to his German action against Seagate GmbH. I am competent to testify to the matters contained in this declaration, which are true to my own knowledge.

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

Case No C-08-80009 MISC JW
DECL. OF MARK ZIMMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363754.1

2.   I have reviewed the papers that Mr. Blaser filed in the U.S. District Court in support of his motion, including his memorandum of points and authorities and the declaration submitted by Mr. Lutz Schorler (who is Mr. Blaser's counsel of record in the German action). Mr. Schorler correctly states that the German rules of procedure generally do not provide for discovery procedures that would allow Mr. Blaser to obtain the documents he seeks in the U.S. District Court. As for Mr. Schorler's further statement that he believes the German court would allow Mr. Blaser to introduce such documents in the German action, I respectfully disagree. Based on the nature of the German proceeding, I do not see how the documents Mr. Blaser is seeking in the U.S. District Court could possibly be admitted into evidence by the German court, because they are irrelevant to that action.

3.   The nature of Mr. Blaser's action in Germany is very limited. In the German action, the German court is assessing the sufficiency of the evidentiary basis for terminating Mr. Blaser's employment. Seagate GmbH has the burden of proof in the German action, in which the only issue is the validity of Mr. Blaser's dismissal. I already have presented the charges and supporting proof on behalf of Seagate GmbH in the German action (which does not include any report to a U.S. agency such as Mr. Blaser describes in his motion papers). Mr. Schorler already has presented Mr. Blaser's reply, and Labor Court Munich has already decided the immediate dismissal in the first instance. The report that Mr. Blaser describes in the papers he filed with the U.S. District Court has no bearing whatsoever on his German action. Accordingly, the documents that Mr. Blaser describes in his motion to the U.S. District Court cannot be for use in the German proceeding.

4.   Although the German tribunal generally does not permit discovery, there are limited exceptions Mr. Blaser could have pursued (but did not). Sections 142-144 of the German Code of Civil Procedure permit parties to ask the German court to order an opposing party or a non-party to provide specific documents related to its claims or allegations. Mr. Blaser has never applied to the German court to attempt to obtain any such documents described in his motion to the U.S. court, presumably because he must know they are irrelevant to his German action and such a request would be denied. Rather than raise any claim regarding the documents to the German court, which Mr. Blaser has never even attempted to do, his strategy instead has obviously been to bypass the German court in this regard, presumably because he understands their irrelevance under German law.

Baker & McKenzie LLP
Palo Alto

2

Case No C-08-80009 MISC JW
DECL. OF MARK ZIMMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363754.1

5. I have reviewed the statements in Mr. Blaser's memorandum of points and authorities asserting that the German court has not expressed any opposition to his proceeding in the U.S. District Court, and further that the German court has "indicated" that it will receive the documents he seeks into evidence. As counsel of record in the German action, I am familiar with all of the issues that Mr. Blaser has raised with the German court, and how the German court has addressed each of those issues. I am not aware that Mr. Blaser has ever apprised the German court of his effort to seek documents in the U.S. through a proceeding in the U.S. District Court. None of his briefs to the Labor Court Munich contain any such information. Thus, I believe it is misleading to state the German court has not expressed any opposition to his U.S. proceeding. Further, to the best of my knowledge, the statement in Mr. Blaser's brief that the German court has "indicated" it will receive the documents Mr. Blaser seeks into evidence is plainly false. I am not aware that the German court has ever given any indication whatsoever that it would receive any documents into evidence that Mr. Blaser might obtain in a proceeding in U.S. District Court. If the German court either had been apprised of Mr. Blaser's U.S. proceeding or had given any indication that any documents obtained as a result would be admitted into evidence, I surely would have been informed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of June, 2008, in Munich, Germany.

_____
Mark Zimmer

Baker & McKenzie LLP
Palo Alto

3

Case No C-08-80009 MISC JW
DECL. OF MARK ZIMMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363754.1