Cynthia L. Jackson (Bar No. 92340)
Michael N. Westheimer (Bar No. 178938)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299
Email:     cynthia.l.jackson@bakernet.com
           michael.westheimer@bakernet.com

Attorneys for Seagate Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No. 5:08-mc-80009-JW (HRL)<br><br>**DECLARATION OF MICHAEL N. WESTHEIMER IN SUPPORT OF SEAGATE TECHNOLOGY LLC'S OPPOSITION TO HANS-DIETER BLASER'S MOTION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Hearing Date:   July 1, 2008<br>Time:           10:00 a.m.<br>Courtroom:      2<br>Judge:          Hon. Howard R. Lloyd |

I, MICHAEL N. WESTHEIMER, declare:

1. I am an attorney at law duly licensed to practice in this Court, and in all courts of the State of California. I am an attorney with the law firm of Baker & McKenzie, counsel of record for Seagate Technology LLC ("Seagate LLC") in this action. I am competent to testify to the matters contained in this declaration, which are true to my own knowledge. I submit this supplement declaration in support of Seagate LLC's opposition to Hans-Dieter Blaser's motion for judicial assistance pursuant to 28 U.S.C. Section 1782.

2. As one of the counsel of record in this miscellaneous discovery proceeding, I am familiar with the pleadings and papers on file with the Court in this action. The Court's docket

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304
+1 650 856 2400

1

Case No C-08-80009 MISC JW
DECL. OF MICHAEL N. WESTHEIMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363870.1

1  shows that Mr. Blaser filed a proof of service on February 15, 2008 (Docket #9), purporting to serve his motion papers on "Seagate Technology, Inc." in Scotts Valley, California. I am informed and believe that "Seagate Technology, Inc." is not an existing entity. However, Seagate LLC is an existing entity located in Scotts Valley, California, at the same address where Mr. Blaser purported to serve his motion papers.

3. The Court's docket also shows that Mr. Blaser filed an *ex parte* letter with the Court on March 7, 2008 (Docket # 10), asking the Court to issue its "request" that he serve Seagate GmbH with his motion papers in the form of an Order. Mr. Blaser made this request despite the fact that the Court had previously issued an Order on January 28, 2008 (Docket #6) directing him to do exactly that. In addition, Mr. Blaser's *ex parte* letter states at the bottom as follows:

> cc:   Juergen R. Ostertag, Esq.
>       Seagate Technology

However, Mr. Blaser's *ex parte* letter was not received by any Seagate entity at any time during the time-frame that Mr. Blaser filed it with the Court. I am further informed and believe that Juergen R. Ostertag, Esq. is not employed with and does not represent any Seagate entity, but instead is an attorney at a law firm in New York who represents Mr. Blaser.

2. Upon reviewing this Court's docket sheet on PACER and becoming aware of the above procedural history, I contacted Mr. Blaser's counsel of record in this action, Paul Warner of the law firm Jeffer Mangels Butler & Marmaro LLP, on March 11, 2008 and spoke with him by telephone. Mr. Blaser's counsel informed me that Mr. Blaser had attempted to serve "Seagate Technology, Inc." through CT Corporation (which he believed was the registered agent for service of process) and they had refused to accept service. His response was simply to arrange to have the documents delivered to "Seagate Technology, Inc." at what was believed to be that company's address. I informed Mr. Warner that "Seagate Technology, Inc." is not an existing entity. We then discussed that if the entity Mr. Blaser sought to serve was located in Scotts Valley, California, the proper intra-district venue for this Court is the San Jose Division rather than the San Francisco Division. I asked Mr. Warner if Mr. Blaser would stipulate to an intra-district transfer pursuant to Civil L.R. 3-2, and he responded that he would check with Mr. Blaser's New York counsel and get

Baker & McKenzie LLP
Palo Alto

2

Case No C-08-80009 MISC JW
DECL. OF MICHAEL N. WESTHEIMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363870.1

1  back to me. The following day, March 12, 2008, Mr. Warner called me back and informed me that
2  Mr. Blaser would stipulate to the intra-district transfer of venue. I filed the stipulation and an
3  administrative motion for intra-district transfer of venue on March 12, 2008 (Docket # 13-15). The
4  Court's docket shows that Mr. Blaser subsequently served his moving papers on Seagate LLC
5  through CT Corporation on March 24, 2008 (Docket #18).

6      I declare under penalty of perjury under the laws of the United States that the foregoing is
7  true and correct. Executed this 10th day of June, 2008, in Palo Alto, California.

                                                  */s/ Michael N. Westheimer*
                                                  Michael N. Westheimer

Baker & McKenzie LLP
Palo Alto

3

Case No C-08-80009 MISC JW
DECL. OF MICHAEL N. WESTHEIMER IN SUPPORT OF SEAGATE LLC'S OPPOSITION TO MOTION FOR JUDICIAL ASSISTANCE
PALDMS/363870.1