Cynthia L. Jackson  (Bar No. 92340)
Michael N. Westheimer  (Bar No. 178938)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA  94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299
Email:      cynthia.l.jackson@bakernet.com
            michael.westheimer@bakernet.com

Attorneys for Seagate Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No.  5:08-mc-80009-JW (HRL)<br><br>**SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO DECLARATION OF LUTZ SCHORLER FILED WITH HANS-DIETER BLASER'S MOTION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Hearing Date:   July 1, 2008<br>Time:           10:00 a.m.<br>Courtroom:      2<br>Judge:          Hon. Howard R. Lloyd |

Seagate Technology LLC ( "Seagate LLC") objects to Hans-Dieter Blaser's proffered evidence set forth in the Declaration of Lutz Schorler ("Schorler Decl."), that Mr. Blaser submitted to the Court as the sole evidentiary basis for his motion for judicial assistance pursuant to 28 U.S.C. Section 1782, on the following grounds:

1. <u>Schorler Decl. para. 4 (page 2, lines 6-7)</u>: Seagate LLC objects to Mr. Schorler's statement in which he purports to have personal knowledge of the contents of his declaration "unless otherwise noted" (presumably referring to paragraphs 5, 8, 9, 10, 11, 12, 13 and 14, which are nebulously declared "upon information and belief"). Mr. Schorler's sole asserted basis of personal knowledge for all of his statements in his declaration is set forth in paragraphs 1-4 of his

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/362687.1

Case No C-08-80009 MISC JW
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER DECL.

declaration, in which he states that he is an attorney at a German law firm and represents Mr. Blaser in an action pending before Labor Court Munich in Germany. Mr. Schorler does not in fact have personal knowledge of virtually all of his statements, so his declaration is inadmissible in its entirety on grounds of lack of personal knowledge and lack of foundation. Fed. R. Evid. 104, 602.

2. <u>Schorler Decl. para. 5 (page 2, lines 9-14)</u>: Seagate LLC objects to Mr. Schorler's statements purportedly reciting the content of an annual Form 10K filed with the United States Securities Exchange Commission, on the following grounds: (1) Inadmissible hearsay. Fed. R. Evid. 801-802. (2) Inadmissible secondary evidence of the alleged content of a writing. Fed. R. Evid. 1002, 1004.

3. <u>Schorler Decl. para. 6, 7, 8, 9, 12 (page 2, lines 15-28; page 3, lines 1-3, 11-14)</u>: Seagate LLC objects to Mr. Schorler's statements purportedly describing the employment circumstances of Mr. Blaser and three others at Seagate entities in Germany and the U.K., on the following grounds: (1) Lack of personal knowledge. Fed. R. Evid. 602. (2) Inadmissible hearsay. Fed. R. Evid. 801-802. (3) Inadmissible secondary evidence of the alleged content of writings. Fed. R. Evid. 1002, 1004.

4. <u>Schorler Decl. para. 10, 11, 13, 14, 15, 16, 18, 20, 21 (page 3, lines 4-10, 15-28; page 4, lines 3-5, 9-16)</u>: Seagate LLC objects to Mr. Schorler's statements purportedly characterizing the content of a document that he states was shown to Alastair Stewart at a mediation in the U.K., on the following grounds: (1) Lack of personal knowledge. Fed. R. Evid. 602. (2) Inadmissible hearsay. Fed. R. Evid. 801-802. (3) Inadmissible secondary evidence of alleged content of a writing. Fed. R. Evid. 1002, 1004. (4) Lack of foundation; speculation and conjecture. *See* Schorler Decl., para. 14-16 (stating that neither Mr. Schorler nor Mr. Blaser has never seen the alleged document, and failing to provide any foundation for his statements about its alleged content and location). (5) Mediation confidentiality privilege. *See* Civil L.R. 6-11(a) (providing that anything that happened or was said in connection with any mediation is confidential information that cannot be used for any purpose in any proceeding in this Court); 28 U.S.C. § 652(d) (mandating that district courts adopt local rules to provide for confidentiality of alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications); Fed. R.

Baker & McKenzie LLP
Palo Alto

2

PALDMS/362687.1

Case No C-08-80009 MISC JW
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER DECL.

Evid. 408 (providing that conduct or statements made in compromise negotiations are inadmissible); Fed. R. Evid. 501 (providing that privileges are governed by common law principles as interpreted by courts of the United States in light of reason and experience); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) (holding that mediation privilege applies to all communications made in connection with mediation proceedings).

     5.    <u>Schorler Decl. para. 12 (page 3, lines 11-14)</u>: Seagate LLC objects to Mr. Schorler's statements opining as to the reasons for Seagate GmbH's termination of Mr. Blaser's employment, on the following grounds: (1) Lack of personal knowledge. Fed. R. Evid. 602. (2) Inadmissible opinion testimony, irrelevant. Fed. R. Evid. 402, 701; *see also* Schorler Decl., para. 1-2, 18 and Exh. A (stating that the basis for Mr. Blaser's termination is the subject of his action in Labor Court Munich, and Mr. Schorler's opinions regarding the parties' submissions to the German Court are irrelevant and inadmissible).

     6.    <u>Schorler Decl. para. 16 (page 3, lines 24-25)</u>: Seagate LLC objects to Mr. Schorler's statements describing what Mr. Blaser allegedly "heard about," on the following grounds: (1) Lack of personal knowledge. Fed. R. Evid. 602. (2) Inadmissible double hearsay. Fed. R. Evid. 801-802.

     7.    <u>Schorler Decl. para. 18, 19, 20, 21 (page 4, lines 3-16)</u>: Seagate LLC objects to Mr. Schorler's statements opining about hypothetical arguments he might make to the German court (that he has not made to date) on the following grounds: (1) Lack of foundation; speculation and conjecture. (2) Argumentative; assertions of legal conclusions that are not factual in nature.

To the contrary, the documents Mr. Blaser seeks in U.S. District Court are entirely irrelevant to his German action and cannot be for use in that proceeding. *See* Declaration of Mark Zimmer, filed herewith.

Dated: June 10, 2008

BAKER & McKENZIE LLP

By /s/ Michael N. Westheimer
Michael N. Westheimer
Attorneys for Seagate Technology LLC

Baker & McKenzie LLP
Palo Alto

PALDMS/362687.1

3

Case No C-08-80009 MISC JW
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER DECL.