1  Cynthia L. Jackson  (Bar No. 92340)
   Michael N. Westheimer  (Bar No. 178938)
2  **BAKER & McKENZIE LLP**
   660 Hansen Way
3  Palo Alto, CA  94304-1044
   Telephone: +1 650 856 2400
4  Facsimile:  +1 650 856 9299
   Email:     cynthia.l.jackson@bakernet.com
5             michael.westheimer@bakernet.com

6  Attorneys for Seagate Technology LLC

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11 | IN RE APPLICATION OF HANS-DIETER        Case No.  5:08-mc-80009-JW (HRL)
   | BLASER FOR JUDICIAL ASSISTANCE
12 | PURSUANT TO 28 U.S.C. SECTION 1782     **SEAGATE TECHNOLOGY LLC'S**
   |                                         **EVIDENTIARY OBJECTIONS TO**
13 |                                         **REPLY DECLARATION OF LUTZ**
   |                                         **SCHORLER; AND PROPOSED**
14 |                                         **EVIDENTIARY COMPROMISE**

15                                           Hearing Date:   July 1, 2008
                                             Time:           10:00 a.m.
16                                           Courtroom:      2
                                             Judge:          Hon. Howard R. Lloyd
17

18        Seagate Technology LLC ( "Seagate LLC") presents two issues in response to Hans-Dieter

19 Blaser's Reply Brief and Reply Declaration of Lutz Schorler ("Schorler Reply Decl.") in further

20 support of his application of for judicial assistance pursuant to 28 U.S.C. Section 1782.  Primarily,

21 Seagate LLC asserts evidentiary objections.  In addition, without waiving any of its evidentiary

22 objections or the arguments and evidence set forth in its opposition establishing that Mr. Blaser's

23 motion should be denied, Seagate LLC proposes an evidentiary compromise based on the statements

24 set forth in Schorler Reply Decl., ¶ 21.

25                  **PROPOSED EVIDENTIARY COMPROMISE**

26        In opposing Mr. Blaser's motion, Seagate LLC presented evidence and argument establishing

27 that the motion should be denied because the sought documents are irrelevant to Mr. Blaser's

28 underlying proceeding in Labor Court Munich.  Mr. Blaser's sole basis in support of his contention

1

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/369804.1

Case No 5:08-mc--80009 JW (HRL)
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER REPLY DECL.

of relevance is a single assertion in his attorney Lutz Schorler's reply declaration, alleging that the

sought documents are relevant to the German action for the following reason:

> [I]t is necessary to demonstrate to the labor court – both the trial court and the court of appeals – ***whether Seagate Technology LLC as the [alleged] parent company submitted a voluntary report and whether reference was made to Mr. Blaser in that report***.  If the [alleged] parent company did not submit such a voluntary report, it would contradict its own line of arguments, established by Seagate Technology GmbH to give a reason for its termination.

Schorler Reply Decl., ¶ 21 (page 6, lines 4-8) (emphasis added); *see also* ¶ 26 (page 7, lines 22-26; page 8 (line 1) (same).

Even if Mr. Schorler's assertion is accepted as true, it does not support production of the documents described in the moving papers (especially in light of the public policy reasons set forth in the opposition papers for protecting such documents from disclosure).  Rather, the only information that is even arguably relevant in the German action, according to Mr. Schorler's reply declaration, is: (1) whether a voluntary report was submitted, and (2) if so, whether reference was made to Mr. Blaser in the report.  If the answer to either question is "no," Mr. Blaser arguably could attempt to present that information to the German court as a purported "contradiction" to Seagate Technology GmbH's stated reason for his termination.  On the other hand, if the answer to both questions is "yes," Mr. Blaser's proffered "contradiction" speculation admittedly would lack merit. In either case, it is only the answers to those two questions that are even arguably relevant in the German action.  The documents themselves are entirely irrelevant, and public policy would be contravened if production were required.

In light of the foregoing, and without waiving its evidentiary objections or the arguments and evidence set forth in its opposition, Seagate LLC proposes an evidentiary compromise pursuant to Federal Rule of Evidence 408:  To fully and conclusively resolve any and all issues relating to Mr. Blaser's application and motion to this Court, Seagate LLC would submit verified responses to the following two written interrogatories pursuant to Federal Rule of Civil Procedure 33: (1) Was a voluntary report submitted to a government agency regarding violation of U.S. export regulations? (2) If a voluntary report was submitted to a government agency regarding violation of U.S. export regulations, was reference made to Hans-Dieter Blaser in the report?

Baker & McKenzie LLP
Palo Alto

PALDMS/369804.1

Case No 5:08-mc--80009 JW (HRL)
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER REPLY DECL.

1       This proposed evidentiary compromise addresses exactly the issues that Mr. Blaser's own

2  German counsel identifies as the only information even arguably relevant to his underlying action in

3  Labor Court Munich, and will avoid needlessly compromising public policy.

4                    **EVIDENTIARY OBJECTIONS**

5       Seagate LLC submits the following evidentiary objections to Mr. Blaser's reply brief and the

6  Schorler Reply Decl., on the following grounds:

7       1.      Seagate LLC objects that Mr. Blaser's reply brief and the Schorler Reply Decl.

8  impermissibly attempt to raise numerous new facts and legal arguments for the first time in the

9  reply.  It is improper for a party to introduce new facts or different legal arguments in the reply brief

10  than were presented in the moving papers.  *Lujan v. National Wildlife Federation*, 497 U.S. 871,

11  894-95, 110 S.Ct. 3177, 3192 (1990).  "The district court need not consider arguments raised for the

12  first time in a reply brief."  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v.*

13  *Grigas*, 328 F.3d 1039, 1048 (9th Cir. 1993)).  Here, Mr. Blaser has no basis for attempting to

14  present new facts and legal arguments for the first time in his reply, and Seagate LLC requests that

15  Court disregard or strike Mr. Blaser's reply brief and the Schorler Reply Decl. in their entirety.

16  Without waiving the foregoing objections, Seagate LLC makes the additional evidentiary objections

17  set forth below.

18       2.      <u>Schorler Reply Decl. ¶ 6 (page 2, lines 22-27)</u>:  Seagate LLC objects to Mr.

19  Schorler's statement in which he purports to quote the content of a letter allegedly authored by Mark

20  Zimmer on behalf of Seagate Technology GmbH ("Seagate GmbH"), on the following grounds:  (1)

21  Inadmissible hearsay.  FED. R. EVID.  801-802.  (2) Inadmissible secondary evidence of the alleged

22  content of a writing.  FED. R. EVID. 1002, 1004.

23       3.      <u>Schorler Reply Decl. ¶ 7 (page 3, lines 1-27)</u>:  Seagate LLC objects to Mr. Schorler's

24  statements in which he purports to describe a conversation with Mr. Zimmer discussing what people

25  in "informed circles" were feeling and wondering, speculating on "emerging rumors," and opining

26  as to the "likely" content of a certain type of document,  on the following grounds:  (1) Lack of

27  personal knowledge.  FED. R. EVID. 602.  (2)  Inadmissible hearsay.  FED. R. EVID. 801-802.  (3)

28  Overly vague and ambiguous.  (4)  Speculation and conjecture.  (5)  Argumentative, assertions of

Baker & McKenzie LLP
Palo Alto

3

PALDMS/369804.1

Case No 5:08-mc--80009 JW (HRL)
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER REPLY DECL.

legal conclusions that are not factual in nature.

4.    <u>Schorler Reply Decl. ¶ 9 (page 3, lines 16-20)</u>:  Seagate LLC objects to Mr. Schorler's statement in which he purports to quote the content of a document allegedly filed with Labor Court Munich, on the following grounds: (1) Inadmissible hearsay.  FED. R. EVID. 801-802. (2) Inadmissible secondary evidence of the alleged content of a writing.  FED. R. EVID. 1002, 1004.

5.    <u>Schorler Reply Decl. ¶¶ 10, 11, 12, 13, 14, 15, 16 (page 3, lines 21-27; page 4, lines 1-27)</u>:  Seagate LLC objects to Mr. Schorler's statements in which he purports to characterize various U.S. statutes and regulations, on the following grounds:  (1) Argumentative, assertions of legal conclusions that are not factual in nature.

6.    <u>Schorler Reply Decl. ¶ 17 (page 4, lines 1-8)</u>:  Seagate LLC objects to Mr. Schorler's statements in which he purports to characterize the content of documents allegedly filed with Labor Court Munich, on the following grounds:  1) Inadmissible hearsay.  FED. R. EVID. 801-802.  (2) Inadmissible secondary evidence of the alleged content of a writing.  FED. R. EVID. 1002, 1004.  (3) Argumentative, assertions of legal conclusions that are not factual in nature.

7.    <u>Schorler Reply Decl. ¶ 20 (page 5, lines 17-27)</u>:  Seagate LLC objects to Mr. Schorler's statements in which he purports to characterize the content of documents allegedly filed with Labor Court Munich and opine on what they allegedly signify, on the following grounds:  (1) Inadmissible hearsay.  FED. R. EVID. 801-802.  (2) Inadmissible secondary evidence of the alleged content of a writing.  FED. R. EVID. 1002, 1004.  (3)  Argumentative, assertions of legal conclusions that are not factual in nature.

8.    <u>Schorler Reply Decl. ¶¶ 21, 26 (page 6, lines 1-8; page 7, lines 22-26; page 8, line1)</u>:  Seagate LLC objects to Mr. Schorler's statements in which he advances a speculative legal theory regarding the alleged relevance of information in the underlying German action in Labor Court Munich, on the following grounds:  (1)  Speculation and conjecture.  (2) Irrelevant.  FED. R. EVID. 402.  Mr. Schorler's statements do not support the order sought in Mr. Blaser's motion.  Instead, very most these statements even arguably would support is the information described in Seagate LLC's proposed evidentiary compromise.

/ / /

Baker & McKenzie LLP
Palo Alto

PALDMS/369804.1

Case No 5:08-mc--80009 JW (HRL)
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER REPLY DECL.

9.    <u>Schorler Reply Decl. ¶¶ 22, 23, 24, 25, 26 (page 6, lines 9-28; page 7, lines 1-22)</u>: Seagate LLC objects to Mr. Schorler's statements opining as to German rules of procedure, on the following grounds:  (1) Irrelevant.  FED. R. EVID. 402.  Mr. Schorler asserts in the immediately preceding paragraph that the sole information that even arguably is relevant in the German proceeding is "***whether Seagate Technology LLC as the [alleged] parent company submitted a voluntary report and whether reference was made to Mr. Blaser in that report***."  Schorler Reply Decl., ¶ 21 (page 6, lines 4-8) (emphasis added).  Mr. Schorler then speculates that if there is no such report or if Mr. Blaser is not mentioned in such a report, this information arguably is relevant in the German action as an alleged "contradiction" to the stated basis for termination of Mr. Blaser's employment.  *Id.*   On the other hand, if there is such a report and Mr. Blaser is mentioned in it, the information would not support Mr. Schorler's speculative "contradiction" argument, and accordingly, is entirely irrelevant.  In either case, rather than impairing public policy and taking up any more of this Court's time, this information can simply be provided in verified responses to two interrogatories, answering the two "yes or no" questions that Mr. Schorler posed.  Mr. Schorler's detailed discussion of the German rules of procedure is irrelevant.

Dated:  June 27, 2008                                    BAKER & McKENZIE LLP


By    /s/  Michael  N. Westheimer
        Michael N. Westheimer
        Attorneys for Seagate Technology LLC

Case No 5:08-mc--80009 JW (HRL)
SEAGATE TECHNOLOGY LLC'S EVIDENTIARY OBJECTIONS TO SCHORLER REPLY DECL.

PALDMS/369804.1