1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    PAUL L. WARNER (Bar No. 54757)
2   Two Embarcadero Center, Fifth Floor
    San Francisco, California  94111-3824
3   Telephone:    (415) 398-8080
    Facsimile:    (415) 398-5584
4
5   PRYOR CASHMAN LLP
    JAMIE M. BRICKELL
6   JUERGEN R. OSTERTAG
    410 Park Avenue
    New York, New York 10022
7   Telephone:    (212) 421-4100
    Facsimile:    (212) 326-0806
8
    Attorneys for Applicant Hans-Dieter Blaser
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13   | | CASE NO.    5:08-mc-80009-JW HRL |

14   **IN RE APPLICATION OF HANS-DIETER**       **POST-HEARING MEMORANDUM OF**
     **BLASER FOR JUDICIAL ASSISTANCE**         **POINTS AND AUTHORITIES IN**
15   **PURSUANT TO 28 U.S.C. SECTION 1782**     **FURTHER SUPPORT OF APPLICATION**
                                                **OF HANS-DIETER BLASER FOR**
16                                              **JUDICIAL ASSISTANCE PURSUANT TO**
                                                **28 U.S.C. SECTION 1782**
17
18                                              Date:     July 1, 2008
                                                Time:     10:00 a.m.
19                                              Dept:     25th Floor
                                                Judge:    Magistrate Judge Howard R. Lloyd
20
21
22
23
24
25
26
27
28

PRINTED ON
RECYCLED PAPER

749938v2

BLASER'S POST-HEARING MEMO RE
APPLICATION FOR JUD ASSISTANCE

1    In its July 3, 2008 Interim Order [regarding docket number 19] (the "Order"), the

2    Court indicates that Applicant Hans-Dieter Blaser has made a sufficient showing of relevance to

3    require the production of the "voluntary report" ("the Seagate Report") prepared by Seagate

4    Technology, LLC ("Seagate US") and that Blaser's Application meets the test prescribed by 28

5    U.S.C. § 1782.  At oral argument on Blaser's Application, the Court, on its own, commented that the

6    confidentiality of the Seagate Report could be protected by an appropriate protective order, an issue

7    not raised by Seagate US itself.  In the Order, the Court again addresses the confidentiality issue and

8    asks how its anticipated protective order can apply to persons not under its jurisdiction, particularly

9    if the Seagate Report is submitted to the German Courts.  These questions and concerns, although

10   not raised by Seagate US itself, are entirely legitimate but easily resolvable.

11   Blaser suggests that as a first step, the Seagate Report, and the other documents

12   requested in the Application, be produced to Blaser's American lawyers only, Mssrs Warner,

13   Ostertag and Brickell.  Such production has the practical effect of producing the documents subject

14   to an "attorneys' eyes only" protective order, a very standard practice with super-confidential

15   documents which, at least initially, are not even shown to the client.  Attorneys' eyes only

16   production is ordinarily used when the data produced is so confidential that it should not be shown

17   to a competitor.  In this instance, the designation is used to address the Court's legitimate concern

18   that it can only effectively issue a confidentiality order to persons under its jurisdiction.  Obviously,

19   Mr. Warner is a member of this Court and would be subject to this Court's jurisdiction if there were

20   any violation of a confidentiality provision.  Attorneys Ostertag and Brickell are members of the

21   United States District Court for the Southern District of New York and are subject to its jurisdiction.

22   If either violated this Court's protective order, that order could be filed as a miscellaneous action in

23   New York and enforced, just like a Federal subpoena.  Alternatively, if this Court prefers, Attorneys

24   Ostertag and Brickell can agree in writing to submit to the jurisdiction of this Court for purposes of

25   enforcement of any protective order.

26   This proposed attorneys' eyes only solution completely addresses the Court's

27   concerns regarding confidentiality.  Because these attorneys are subject to the jurisdiction of the

28   Federal Courts, the sanction effect of the protective order is real.  Practically, the attorneys can

1   review the documents and determine whether they are specifically relevant to Mr. Blaser's litigation

2   goals.  If not, the matter may end there and the documents can be returned.  If, however, they

3   conclude that the documents are relevant, Blaser can return to this Court and ask for leave to

4   disseminate the Seagate Report further.  For example, if Blaser actually wants to file the Seagate

5   Report with the German labor court, it should be possible to have that Court issue a protective order

6   in advance, satisfactory to this Court, that the confidentiality of the documents will be preserved and

7   that there be a mechanism for enforcement of a protective order in Germany which is both

8   meaningful and effective.  Regardless, it will be Blaser's obligation to return to this Court to seek

9   permission to forward the Seagate Report to Germany, in a manner, and under conditions that

10  satisfy this Court that confidentiality will be preserved.

11          For the foregoing reasons, Blaser's Application for Judicial Assistance pursuant to

12  28 U.S.C. § 1782 for discovery from Seagate of the Seagate Report  and related documents should

13  be granted in its entirety.  A proposed form of order is attached for the Court's convenience.

14  DATED:  July 21, 2008                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                             PAUL L. WARNER

15

16

17                                           By: /s/ Paul L. Warner
                                                 PAUL L. WARNER (Bar No. 54757)
18                                           Attorneys for Applicant HANS-DIETER BLASER

19

20

21

22

23

24

25

26

27

28

1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    PAUL L. WARNER (Bar No. 54757)
2   Two Embarcadero Center, Fifth Floor
    San Francisco, California  94111-3824
3   Telephone:     (415) 398-8080
    Facsimile:     (415) 398-5584
4

5   PRYOR CASHMAN LLP
    JAMIE M. BRICKELL
6   JUERGEN R. OSTERTAG
    410 Park Avenue
7   New York, New York 10022
    Telephone:     (212) 421-4100
8   Facsimile:     (212) 326-0806

9   Attorneys for Applicant Hans-Dieter Blaser

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13                                              CASE NO.      5:08-mc-80009 JW  HRL

14  IN RE APPLICATION OF HANS-DIETER           ORDER GRANTING APPLICATION FOR
    BLASER FOR JUDICIAL ASSISTANCE             JUDICIAL ASSISTANCE PURSUANT TO
15  PURSUANT TO 28 U.S.C. § 1782               28 U.S.C. § 1782 AND PROTECTIVE
                                               ORDER PURSUANT TO Fed. R. Civ. P. 26(c)
16

17

18

19

20          This Application For Judicial Assistance pursuant to 28 U.S.C. § 1782 came on for

21  hearing on July1, 2008 before the Honorable Magistrate Judge Howard R. Lloyd.  Paul L. Warner,

22  Jeffer, Mangels Butler & Marmaro LLP appeared for Applicant Hans-Dieter Blaser; Michael N.

23  Westheimer, Baker & McKenzie LLP appeared for Seagate Technology LLC ("Seagate").  The

24  matter having been briefed and argument presented, and for good cause shown,

25  IT IS HEREBY ORDERED:

26          1.  The Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 be, and

27  hereby is, GRANTED;

28          2.  Seagate shall produce documents within its possession, custody, or control, on the

following subject matters, subject to the Protective Order set forth in Paragraph 3 below:

A)  Any and all reports prepared by or on behalf of Seagate pertaining to any and all alleged violations of Iran boycott regulations that in any way mention, reference or implicate Hans-Dieter Blaser.

B)  Any and all documents that were relied upon by Seagate or any of its agents in the preparation of any of the above-referenced documents; and

C)  Any and all communications or filings with the United States government concerning the above-referenced documents and matter or otherwise concerning Hans-Dieter Blaser.

3.  All documents produced pursuant to this Order are deemed to be highly confidential and shall me marked, produced, and maintaining in strict compliance with this Protective Order.

a)  Seagate shall mark each page of each document produced with a legend indicating that the document is produced pursuant to a protective order and that the document is highly confidential for attorneys eyes only;

b)  Seagate shall number each page of each document consecutively, using a Bates stamp or other convenient form of numbering;

c)  One copy of each document produced (marked as prescribed in sub-paragraphs (a) and (b) above) shall be delivered by messenger to Applicant's attorney, Paul L. Warner in an envelope marked "Highly Confidential - Produced Pursuant To Court Order - Envelope To Be Opened By Addressee Only."

d)  Mr. Warner may make one copy of the documents produced to forward to Jaime Brickell, Esq., in a manner which insures that the envelope containing the documents will be opened by Mr. Brickell only.  Both Mr. Warner and Mr. Brickell may make one working copy of the documents produced to make notes on.  No other copies of the documents shall be made.  The documents may not be copied electronically, scanned  or otherwise transmitted electronically either via the internet or by facsimile.  Mr. Brickell may show the documents to Juergen Ostertag only. Neither Mr. Warner, Mr. Brickell or Mr. Ostertag may show any of the documents or disclose any

1    of their contents to anyone else, which includes office staff, secretaries, clerical staff, other

2    attorneys in their respective law offices or any third parties.

3            e)  Until further Order of this Court, the documents produced, and the copies

4    permitted by this Order shall be kept in a secure location so that no person other that the three

5    people identified in this Order shall have access to the documents.

6            f)  By their signatures approving this Order as to form and content, Mssrs

7    Warner, Brickell and Ostertag submit to the jurisdiction of this Court for any proceeding brought to

8    enforce the terms of this Order.  Any violation of this Order may be punished as a contempt of this

9    Court.

10            g)  In the event that Blaser (through his counsel) wants further dissemination

11   of any of the confidential documents produced, for example to show to any of his German attorneys

12   or to offer as evidence in the German Labor Court, Blaser must return to this Court and seek a

13   modification of this Protective Order.  Any such modification must insure that the confidential

14   documents produced maintain their confidentiality to the maximum extent reasonably practical

15   under German rules of Civil Procedure.  Before seeking any modification of this Protective Order

16   from the Court, the parties shall meet and confer and attempt to agree upon a methodology and

17   procedures for any further dissemination of the confidential documents produced.  If the parties are

18   unable to agree, they shall nevertheless agree on an informal briefing schedule to bring the proposed

19   modifications to this Protective Order to the attention of this Court.  Unless the Court orders

20   otherwise, any modifications to this Protective Order shall be resolved based on written briefs only,

21   without the necessity of oral argument or any Court appearance.

22            h)  Although the Parties may propose written modifications to this Protective

23   Order by joint stipulation, no such modification shall become effective without a formal Order of

24   this Court.

25   DATED:                                    _____

26                                       UNITED STATES MAGISTRATE JUDGE

27

28

1    APPROVED AS TO FORM AND SUBSTANCE:

2

3

4    DATED: July __, 2008                  JEFFER, MANGELS, BUTLER & MARMARO LLP
                                           PAUL L. WARNER

5

6                                          By: _____

7                                                PAUL L. WARNER
                                           Attorneys for Applicant HANS-DIETER BLASER

8                                          PRYOR CASHMAN LLP

9

10                                         By:_____
                                                JAMIE M. BRICKELL

11

12                                         _____
                                           JUERGEN R. OSTERTAG

13

14   DATED:                                BAKER & MCKENZIE LLP

15

16                                         By _____
                                              MICHAEL N. WESTHEIMER

17                                         Attorneys for Seagate Technology LLC

18

19

20

21

22

23

24

25

26

27

28

656386v2