Cynthia L. Jackson (Bar No. 92340)
Michael N. Westheimer (Bar No. 178938)
**BAKER & McKENZIE LLP**
660 Hansen Way
Palo Alto, CA 94304-1044
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299
Email: cynthia.l.jackson@bakernet.com
michael.westheimer@bakernet.com

Attorneys for Seagate Technology LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No. 5:08-mc-80009-JW (HRL)<br><br>**SEAGATE TECHNOLOGY LLC'S REPLY TO HANS-DIETER BLASER'S POST-HEARING MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782**<br><br>Hearing Date: July 1, 2008<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Hon. Howard R. Lloyd |

## I. INTRODUCTION

Pursuant to the Court's interim order issued July 3, 2008 on Hans-Dieter Blaser's application for judicial assistance pursuant to 28 U.S.C. § 1782, Seagate Technology LLC ("Seagate LLC") submits the following reply to Blaser's post-hearing brief. Seagate LLC opposes Blaser's proposed discovery order on several grounds. Initially, Blaser reveals in his post-hearing brief that he seeks to embark on an impermissible discovery fishing expedition, and Seagate LLC objects that the requested discovery is greatly overbroad and extends well beyond his stated reasons for seeking it.

Further, Blaser's proposal that the Court order exceptionally broad discovery pursuant to a "U.S. attorney eyes only" protective order is fundamentally flawed and unworkable. As an alternative, Seagate LLC makes a sensible counter-proposal (similar to the Court's own suggestion at the July 1, 2008 hearing), which would permit Blaser's attorneys to review all information they purport might be relevant to his wrongful termination action in Labor Court Munich, yet still afford Seagate LLC the protection that is warranted for its highly sensitive, privileged self-critical analysis.

## II.    SEAGATE LLC'S OBJECTIONS TO BLASER'S PROPOSAL

**A.    The Exceptionally Broad Discovery that Blaser Seeks is Inconsistent with the Court's Interim Order, is Greatly Overbroad and Unduly Burdensome, and Seeks Information that is Irrelevant to the German Action and Cannot be "For Use" in that Proceeding**

The July 1, 2008 hearing in this matter and the Court's July 3, 2008 interim order all focused exclusively on whether or under what conditions the Court might order production of *a report* that Blaser purports is "for use" in his German action. *See* Interim Order (docket #38), p. 1:23-27 ("At some point, Blaser heard that Seagate U.S. prepared and submitted a 'voluntary report' to the U.S. government, allegedly discussing the embargo violations, and detailing terminations of those employees (including Blaser) that committed them. Blaser initiated this action for judicial assistance to obtain this report from Seagate U.S. for his possible use in the German action.").

In his post-hearing brief, by contrast, Blaser ignores the scope of the Court's July 3 interim order and instead submits a proposed order asking the Court to comprehensively order the production of: (A) the report, (B) any and all documents "relied upon" by Seagate or any of its agents in the preparation of the report,[1] and (C) any and all communications or filings with the U.S. government concerning "the above-referenced documents and matter." Blaser Proposed Order, p. 1:28-2:9 (docket #39-2).

At no point has Blaser ever even attempted to justify the exceptionally broad discovery he requests in his proposed order. *See* Declaration of Lutz Schorler dated January 10, 2008 ("Schorler Decl.") (docket #22), para. 18-21 (requesting "a copy of the Seagate Report" to introduce in the

---

[1] Blaser's proposed order improperly seeks the disclosure of documents that are subject to the attorney-client and work product privileges. In the event that this Court grants Blaser's request for these materials over Seagate LLC's objections, Blaser's proposed order must be revised to exclude these materials from production.

1  German action purportedly to address "the allegations contained therein" concerning Blaser's
2  "alleged involvement in illegal activities"); *see also* Reply Declaration of Lutz Schorler dated June
3  19, 2008 ("Schorler Reply Decl.") (docket #35-2), para. 20-21, 26 (asserting the voluntary report is
4  relevant to the German action because if no report was submitted or if a report was submitted that
5  did not make reference to Blaser, this arguably would contradict the reasons given for his
6  termination). Blaser has not provided any other justification for the additional discovery he now
7  seeks in this Court.

Even if Blaser's entire submission is taken at face value, the only discovery that even arguably might be relevant to his German action would be the portions of the report that refer to him. Seagate LLC objects that the substantial additional discovery he seeks is unsupported, greatly overbroad, unduly burdensome and irrelevant. Furthermore, since Blaser fails to establish that any additional discovery is even arguably "for use" in the German action, the Court lacks jurisdiction to authorize its production under 28 U.S.C. § 1782 (or alternatively, even if the Court were authorized, ordering its production would be an abuse of discretion). Seagate LLC respectfully submits that any discovery must be limited solely to the portions of the report that refer to Blaser.

**B.    Blaser's Proposal that the Court Order Exceptionally Broad Discovery Pursuant to a "U.S. Attorney Eyes Only" Protective Order is Fundamentally Flawed, Unworkable, and Contradicts His Earlier Submissions to the Court**

In addition to the above objections, Seagate LLC further objects that Blaser's proposal in his post-hearing brief – that the Court order production of exceptionally broad discovery pursuant to a "U.S. attorney eyes only" protective order – is nonsensical, unworkable, and irreconcilably inconsistent with Blaser's prior submissions to the Court.

In its opposition to Blaser's motion, Seagate LLC submitted evidence from Mark Zimmer (counsel of record for Blaser's former employer in the German action) establishing that the sought discovery cannot be "for use" in the German action because the sole limited issue in that tribunal is the evidentiary basis for Blaser's termination, and a report generated after-the-fact is irrelevant to that issue. Blaser emphatically asserted in his reply that "the sought discovery is relevant" and that "[t]he documents sought in these proceedings will be admitted in the German labor court action on the basis of their submission without further review." Blaser Reply Brief filed June 19, 2008 (docket

#35), p. 6:25; Schorler Reply Declaration (docket #35-2), para. 3.[2]  Blaser presumably made those assertions because he recognized that if the documents are irrelevant to his German action, then his motion would be denied.  *See Kang v. Noro-Mosely Partners*, 246 Fed.Appx. 662, 664 (11th Cir. 2007) (denying motion under 28 U.S.C. § 1782 on grounds of irrelevance of the requested discovery to the nature of the foreign proceeding) (cited in Seagate LLC's opposition brief).

After the Court issued the July 3 interim order expressing concerns about granting Blaser's motion, Blaser filed a post-hearing brief contradicting his earlier assertions of relevance and revealing that the sought discovery might *not* be relevant to his German action.  Accordingly, Blaser proposed that: (1) the exceptionally broad discovery sought in his motion would be produced solely to his attorneys in the U.S. pursuant to a "U.S. attorney eyes only" protective order, who would "review the documents and *determine whether they are specifically relevant* to Mr. Blaser's litigation goals";[3] (2) if his U.S. attorneys determine the documents are irrelevant, they would simply be returned without further proceedings; and (3) if his U.S. attorneys determine the documents are relevant, he would return to this Court and apply for leave to disseminate them further.  Blaser Post-Hearing Brief (docket #39), p. 1:28-2:4 (emphasis added).  This proposal is fundamentally flawed and unworkable for several reasons.

Initially, Blaser now reveals precisely what Seagate LLC pointed out in its opposition – that he is attempting to embark on a discovery fishing expedition that is contrary to the nature of his

---

[2] In a similar vein, Blaser falsely asserts in his post-hearing brief that the Court "indicated" in its interim order that he "made a sufficient showing of relevance" to require production of the report. The interim order contains no such ruling.  *Compare* Blaser Post-Hearing Brief (docket #39), p. 1:1-5, *with* Interim Order issued July 3, 2008 (docket #38) (not making any such ruling, and instead simply describing the parties' respective positions, expressing concerns that a protective order would not be sufficient, and ordering a supplemental briefing).  This is not the first time that Blaser has made false assertions to this Court.  Blaser also falsely asserted in his moving papers that the German court had "indicated" it would receive the sought documents into evidence.  After Seagate LLC established in its opposition that the German court had not given any such indication and likely was unaware of this proceeding, Blaser admitted in his reply papers that his assertion to the Court was erroneous.

[3] It is telling that Blaser's attorneys talk broadly about Blaser's "litigation goals," as opposed to relevance to the German action.  Documents submitted to the court in Singapore in an unrelated action involving Seagate LLC specifically state that Blaser is cooperating with Seagate LLC's litigation adversary and evidence that Blaser has been sharing "information" regarding the embargoed nation allegations.  The possibility that Blaser will use the sought-after information outside of his litigation in Germany is real, not mere speculation.  For this reason, Blaser's proposal is insufficient to protect the interests of Seagate LLC.

proceeding in Labor Court Munich as well as this Court's own discovery rules. Moreover, it is especially troubling that Blaser asks only for an interim "fishing permit" and wants to defer to another day the issue of what would happen if he were to find anything relevant (which by his own admission is questionable). On that point, Blaser merely speculates (without any support from his German counsel who weighed in on all of his other submissions) that it "should be possible" for the German court to issue a satisfactory protective order. However, he fails to describe what if any procedures the German court has for addressing such issues, or why he has not pursued them to date. Blaser's proposal puts the proverbial cart before the horse and turns 28 U.S.C. § 1782 on its head. The statute authorizes the Court, in its discretion, to permit an interested party to obtain specific evidence if the party can establish it is "for use" in a foreign tribunal. The statute does not authorize a discovery fishing expedition based on mere speculation and conjecture that something relevant *might* eventually be uncovered, and if so, there *might* be a procedure for allowing it to be used in a foreign tribunal. Seagate LLC objects that Blaser's proposal is fundamentally flawed and unworkable, and respectfully requests that the Court reject it.

### III.    SEAGATE LLC'S PROPOSAL

Without waiving the foregoing objections, Seagate LLC proposes that if the Court is inclined to permit any discovery, the following proposal would permit Blaser's attorneys to review all the discoverable information they purport might be relevant to his wrongful termination action in Labor Court Munich and still afford Seagate LLC the protection that is warranted for its highly sensitive, privileged self-critical analysis.

1. **Any discovery that may be ordered is appropriately limited to portions of the report that refer to Blaser.**

It is undisputed that the report encompasses a variety of issues that are unrelated to Blaser and cannot be "for use" in his wrongful termination action. Further, Blaser has not provided any basis for seeking any discovery beyond the specific portions of the report that refer to him. *See* Schorler Decl., para. 18-21; Schorler Reply Decl., para. 20-21, 26. Seagate LLC's proposal also conforms to the Court's suggestion at the July 1 hearing regarding production of a redacted report. Accordingly, the three categories of documents described in Blaser's proposed order are properly

1  limited as follows: Category (A) should be limited solely to production of the portions of the report
2  that refer to Blaser, and Categories (B) and (C) should be denied because they are unsupported,
3  exceptionally overbroad, unduly burdensome, subject to attorney-client and work product privileges,
4  and inconsistent with the Court's interim order.

**2.   The redacted report initially must only be produced pursuant to a "U.S. attorney eyes only" protective order as described in Blaser's post-hearing brief.**

The portions of the report that refer to Blaser are part of a highly sensitive, confidential self-critical analysis that is privileged and protected from disclosure. Those portions of the report also refer to several other former employees who may also have a privacy interest in restricting their disclosure. The public policy described in Seagate LLC's opposition would be undermined by dissemination of even a redacted report. Further, there is no jurisdictional basis for ordering production for any purpose other than Blaser's purported possible use in his German wrongful termination action. Accordingly, as Blaser himself proposes in his post-hearing brief, any disclosure should initially be limited solely to his attorneys in the U.S. pursuant to a "U.S. attorney eyes only" protective order, who can then make a determination as to whether the portions of the report that refer to Blaser are relevant to his German action. (Seagate LLC contends they are irrelevant, and is likely that Blaser's attorneys in the U.S. will reach the same conclusion.) In addition, any attorneys in the U.S. who represent Blaser and would have access to the redacted report must be required to sign the protective order on behalf of themselves and their law firm, and each must agree to submit to the jurisdiction of this Court for purposes of enforcing the protective order.

**3.   If Blaser's U.S. attorneys determine that the redacted report is irrelevant to the German action, the protective order barring disclosure must remain in effect and the produced documents and all copies and extracts must be promptly returned to Seagate LLC.**

This is fully consistent with Blaser's proposal in his post-hearing brief.

**4.   If Blaser's U.S. attorneys believe the redacted report is relevant to the German action, Blaser must apply to this Court for further relief and further disclosure should be permitted only pursuant to a satisfactory protective order entered by the German court.**

This also is fully consistent with Blaser's proposal in his post-hearing brief. Blaser advised the Court in his post-hearing brief that it should be possible to have the German court issue a

satisfactory protective order in advance that would preserve the confidentiality of the redacted report and provide a meaningful and effective enforcement mechanism. Blaser's Post-Hearing Brief (docket #39), p. 2:4-10. The redacted report therefore must not be disclosed outside the parameters of the "U.S. attorney eyes only" protective order unless and until a satisfactory protective order is in place in the German action (and then any further disclosure must be limited to the parameters of the German protective order). Seagate LLC requests that it be permitted to review and approve the German protective order prior to entry.

As the following legal analysis demonstrates, Seagate LLC's proposal is appropriate in accordance with the Court's own discovery rules.

## IV. LEGAL ANALYSIS

The exceptionally broad discovery requested in Blaser's proposed order, in addition to being contrary to the nature of the foreign tribunal, would also violate this Court's own discovery rules. It is well settled in the Ninth Circuit that: "District courts need not condone the use of discovery to engage in 'fishing expeditions.'" *Rivara v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (affirming order limiting discovery to prevent a party from "wholesale searches for evidence" that would create a substantial risk of a chilling effect on the other party).

Similarly, in *Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990), the Ninth Circuit cautioned against allowing discovery that would open files for "a general search [that] could reach well beyond the legitimate inquiries necessary to this litigation." *Id.* at 1034 (affirming order denying discovery of "additional confidential information that is irrelevant to plaintiff's suit"); *see also Munoz-Santana v. U.S. Immigration and Naturalization Service*, 742 F.2d 561, 562-64 (9th Cir. 1994) (holding that the district court abused its discretion by ordering unduly burdensome discovery).[4]

---

[4] In 2000, moreover, the Federal Rules of Civil Procedure were amended specifically to curtail overbroad discovery. "The amendment is designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Notes of Advisory Committee on 2000 Amendment to Fed. R. Civ. P. 26(b)(1). "The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action." *Id.; see also Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D. N.Y. 2004) ("courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition'").

1   As set forth above, Blaser's sole evidentiary basis for his discovery application is his German
2   counsel's assertions that he wants to address the portions of the report that raise allegations against
3   Blaser, or alternatively, if there is no such report or the report does not make any reference to Blaser,
4   he believes this would undermine the reasons given for his termination. Under either theory, Blaser
5   has no basis for seeking any discovery beyond the portions of the report that refer to him. At the
6   July 1 hearing, the Court itself suggested he possibility of producing a redacted report, and Blaser
7   has not provided any legal or factual basis for seeking any further discovery in this action. The
8   Court's discovery rules do not permit him to embark on the discovery fishing expedition requested
9   in his proposed order.

   Seagate LLC also established in its opposition papers that the report is a highly sensitive,
11  confidential self-critical analysis that is privileged and protected from disclosure by important public
12  policy objectives. To further address the concerns that the Court expressed in the interim order, and
13  in furtherance of public policy, any disclosure of the redacted report must be solely pursuant to the
14  "U.S. attorney eyes only" protective order (and potentially the subsequent German protective order)
15  that Blaser himself proposed in his post-hearing brief.

## V.   CONCLUSION

17  For each of the reasons set forth above and in Seagate LLC's opposition papers, Seagate LLC
18  respectfully requests that the Court deny Blaser's application in its entirety, or at most permit
19  discovery solely of the portions of the report that refer to Blaser which would only be produced
20  pursuant to a "U.S. attorney eyes only" protective order as described in Blaser's post-hearing brief.

21  Dated: July 31, 2008                             BAKER & McKENZIE LLP

                                                     By /s/ Michael N. Westheimer
                                                        Michael N. Westheimer
                                                        Attorneys for Seagate Technology LLC