*e-filed 8/8/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF HANS-DIETER BLASER FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. SECTION 1782 | Case No.  5:08-mc-80009-JW (HRL)<br><br>[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART THE APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782; AND DIRECTING THE PARTIES TO PREPARE AND SUBMIT A PROPOSED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c)<br><u>AS MODIFIED BY THE COURT</u> |

The application of Hans-Dieter Blaser for Judicial Assistance pursuant to 28 U.S.C. § 1782 came on for hearing on July 1, 2008 before the honorable Magistrate Judge Howard R. Lloyd. Paul L. Warner, Jeffer, Mangels Butler & Marmaro LLP, appeared for applicant Hans-Dieter Blaser ("Blaser), and Michael N. Westheimer, Baker & McKenzie LLP, appeared for opposing party Seagate Technology LLC ("Seagate LLC").  Upon full consideration of the parties' briefs and arguments presented, and for good cause shown, IT IS HEREBY ORDERED THAT:

  1.     Blaser's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 be, and hereby is, GRANTED in part and DENIED in part.

2. Within thirty (30) days after entry by the Court of a Protective Order as described in Paragraph 3 below, Seagate LLC shall produce solely to the signatories to the Protective Order a redacted copy of any reports prepared by or on behalf of Seagate LLC that report to a U.S. government agency any alleged violations of Iran boycott regulations and that mention or refer to Blaser. The redacted copy to be produced shall be limited to only those portions of any such reports that specifically mention or refer to Blaser.

3. The parties are directed to prepare a Protective Order in conformance with provisions of the Court's model Protective Order applicable to "Highly Confidential – Attorneys' Eyes Only" information. The Protective Order shall be signed on behalf of Blaser solely by attorneys in the United States who represent him, are members of a bar of a United States District Court, and who expressly agree, on behalf of both themselves and their law firm, to be subject to the jurisdiction of this Court for purposes of enforcing the Protective Order. The Protective Order shall expressly limit disclosure solely to the signatories of the Protective Order in accordance with Paragraph 7.3(a) of the Court's model Protective Order. Any violation of the Protective Order shall be punished as both a civil and criminal contempt of this Court.

4. In the event that Blaser wishes to seek any further dissemination, he must apply to this Court and obtain a modification of the Protective Order. No such modification shall become effective until formally ordered by the Court. Prior to requesting any modification of the Protective Order to permit disclosure to any of Blaser's German attorneys or to offer as evidence in his pending wrongful termination action in Labor Court Munich, Blaser must first obtain entry of an appropriate protective order in the German tribunal establishing that confidentiality will be preserved and providing a mechanism for enforcement in Germany which is both meaningful and effective. Seagate and Blaser will confer on the drafting and submission of the proposed German protective order.

IT IS SO ORDERED.

Dated: 8/8/08

_____
UNITED STATES MAGISTRATE JUDGE